BETSEY KERSEY, *Appellant from decree of the Judge of Probate, versus* ISAAC H. BAILEY, *Executor.*

By R. S., c. 65, § 13, in the settlement of any intestate estate, or of any testate estate which is insolvent or in which no provision is made for the widow in the will of her husband, or she duly waives the same, the widow shall be entitled to so much of the personal estate, besides her ornaments and wearing apparel, as the Judge deems necessary, according to the degree and estate of her husband, and the state of the family under her care.

A widow's claim for an allowance rests merely in the discretion of the Court.

The circumstances under which this Court will not reverse a decree of the Judge of Probate refusing an allowance to a widow.

APPEAL from a decree of the Judge of Probate of Lincoln county, refusing an allowance to the appellant out of the personal estate of Abisha Kersey, late of Alna, in said county, deceased.

The facts appear in the opinion of the Court.

*Ingalls & Smith*, for the appellant, contended that: —

To entitle a widow to an allowance from the personal estate of her deceased husband, it is only necessary to show that she is his widow; that there is personal property from which the allowance can be made, and that no provision has been made for her in the will of her husband, or that she has duly waived the provisions of such will. The statute, c. 65, § 13, is *peremptory*, and without *qualification* or *condition*.

No rule of common law can apply, for the right to an allowance is given by statute only, and the widow can be barred only in the modes prescribed by statute. Unless deprived of an allowance by statute, the right of the widow is *absolute* and *unconditional*.

The respondent relies upon adultery to defeat the right of the widow to an allowance. Adultery is not admitted, but, if it was, the statute makes it no bar to an allowance.

Analagous to the right to an allowance, is the right to dower. The statutes of Massachusetts in reference to dow-

er are similar to those of this State, and it has, in a recent case there, been held "that a woman is not barred of her right to dower by leaving her husband and living with an adulterer." *Lakin* v. *Lakin*, Law Reporter, August, 1861, No. 4, Vol. 24.

That was a stronger case for the defence than this, for in the case at bar the husband deserted the wife, and she was not married again till she believed she had a lawful right to do so.

*Wales Hubbard*, for the appellee.

The opinion of the Court was drawn by

BARROWS, J.—It is claimed on the part of the appellant, in substance, that a widow, no matter what may have been the position which she has occupied towards her deceased husband, nor whether she has sustained the relation of a wife in fact as well as in law, or not, is entitled to a portion of his personal estate, to be set out by the Judge of Probate, upon her petition for allowance, as matter of legal right, by virtue of § 13, c. 65 of R. S.

But it has been decided by this Court, under statute provisions substantially the same, that a widow's claim for an allowance is not such a *right;* that it rests merely in the *discretion* of the Court. *Gowen, Appellant,* 32 Maine, 516.

The Judge is empowered by the statute to make her an allowance, in the case of an intestate estate, or of any testate estate which is insolvent, or in which no provision is made for the widow in the will of the husband, or where she duly waives the same, of so much of the personal estate as *he deems necessary,* according to the degree and estate of her husband and the state of the family under her care, and she shall be entitled to so much as he determines in the exercise of his judicial discretion she shall have. But any petition of this sort is addressed to the discretion of the Judge of Probate, and is to be considered in the light of all the circumstances of the particular case, and the Judge may make

an allowance larger or smaller as the case may seem to require, or dismiss the petition altogether, if it appears that, all things considered, no allowance ought to be made.

It was decided, in *Cooper, petitioner*, 19 Maine, 260, that, though the amount of the allowance was discretionary, an appeal lies to the Supreme Court of Probate. The appealing party has usually been some heir or creditor of the deceased, who has considered himself aggrieved at the amount of the allowance ordered — for, long usage, many precedents, and the sympathy which is naturally felt for one who has been deprived of her legal partner, stay and support, infallibly compel a Judge of Probate to deal liberally in these matters towards the petitioners — quite as liberally as is consistent with a due regard for the rights of heirs, creditors and legatees. But the right of the petitioner to appeal is equally clear, and we therefore proceed to determine, from the agreed statement of facts, whether in this case the discretion of the Judge of Probate was rightly exercised in refusing an allowance and dismissing the petition.

From the tenor of the statute directing the attention of the Judge to the estate and condition of the husband and the state of the family under the widow's charge, it is apparent that the Legislature, in making the provision, were contemplating the ordinary case where the parties to the marriage relation have lived together till death severed the tie, and where the widow remains in charge of the family of the deceased. Yet the *power* undoubtedly extends to cases where a separation has taken place between the husband and wife before the death of the husband, so long as the marriage relation has not been legally dissolved. But it is apparent that such cases call for more careful discrimination, and that even where the separation has been a brief one, the circumstances may be such as would make it proper to refuse an allowance. Indeed, where no separation has taken place, and the husband and wife have lived together in the most amiable exercise of the nuptial relation till the close of his life, there may be somewhat in the position of the

wife as to separate property of her own — as to the amount of the distributive share of his estate to which she is entitled — or the amount which she may realize from her right of dower in his real estate, and in the condition of the estate as to indebtedness — or in the more pressing necessities of the heirs or legatees, which would make it entirely just and proper for the Judge of Probate either to decline to exercise his discretionary power in her behalf, or to make a small allowance out of a considerable estate.

The original intention of the statutes giving this power to the Probate Court would seem to have been the furnishing of a temporary supply for the wants of the widow and family, while the estate was in the process of settlement, and until the debts should be paid, and the distributive shares of the widow and heirs ascertained, and in cases of insolvency the furnishing of support for the helpless until such time as new arrangements could be made to enable them to gain a livelihood. This seems to have been the construction adopted in *Washburn* v. *Washburn*, 10 Pick., 375. But in our State the practical construction has been more liberal, and the power is not to be understood as being confined in all cases to mere temporary relief.

Questions of this description call for the most careful discrimination on the part of the Court before which they come, in order to do equal justice, forgetting none who have claims and interests to be protected.

What are the facts in the case at bar?

The appellant, though the legal wife of the deceased, had not lived or cohabited with him as such for more than forty years. True, he deserted her, but subsequently she, supposing him to be dead, married another man with whom she lived and cohabited as his wife for thirty years or more, and until his decease. The intestate, on his return to this State many years ago, finding that she had formed new ties, allied himself to another woman by whom he had a family, and in connection with whom the little property left by him at his decease would seem to have been accumulated.

The appellant, entangled with her new connection, does not appear to have made any claim upon him for support during the long time that elapsed after his return to this State before his decease. She lost nothing by his death, which she had before possessed. In fact there seems to have been a tacit relinquishment by each of all claims upon the other for more than a quarter of a century. It is plain that she contributed nothing by her industry and prudence to the accumulation of the three or four hundred dollars out of which she now claims an allowance.

Upon her right to dower in his real estate we do not pass. But while we impute no blame to her for the sundering of this old connection, we do not see that the Judge of Probate erred in refusing an allowance under all the circumstances of the case.          *Decree affirmed with costs.*

APPLETON, C. J., CUTTING, DAVIS and WALTON, JJ., concurred.