LYMAN MASON, executor, *vs.* CHARLES H. LEWIS & another.

Middlesex. June 18, 1874. AMES & ENDICOTT, JJ., absent.

A probate appeal may be taken from the final decree of a single justice to the full court at any time within thirty days ; but if it is taken before the expiration of thirty days, the full court has cognizance of it in ten days after it is taken.

If an appeal is taken from the decree of the probate court on matters of fact, and at a hearing before a single justice of this court the appellant does not appear and is defaulted and the decree affirmed, and he thereupon appeals to the full court, no evidence having been taken before the single justice, and no report made of the hearing before him, his decree cannot be revised in matter of fact.

On an appeal from the decree of a single justice to the full court in a case in equity
or probate, this court cannot order evidence to be taken when none was taken and
reported before the single justice.

APPEAL from a decree of the probate court, granting to the appellee, as executor of the will of John Lewis, leave to sell real estate for the payment of debts. The reasons of appeal related to matters of fact only, not appearing on the record. The appeal was set down for hearing before *Devens*, J., on May 23, 1874, when the appellants, not appearing, were defaulted, and the decree of the probate court affirmed. The appellants on May 26 appealed to the full court, and immediately entered their appeal here.

*C. S. Lincoln*, for the appellee, contended that nothing was open for revision, and moved to dismiss the appeal.

*A. R. Brown & E. A. Alger*, for the appellants, relied on the original reasons of appeal; contended that the appeal was not before the full court until the expiration of thirty days from the decree of the single justice; and moved that, if necessary, a commissioner might be appointed by the full court to take and report the evidence in the case.

GRAY, C. J. By the Gen. Sts. *c.* 117, § 14, probate appeals are to have the same rights as to hearing and determination as cases in equity. The Gen. Sts. *c.* 113, § 8, allow an appeal in equity to be claimed from the final decree of a single justice to the full court at any time within thirty days. But no statute provides that, when once claimed and entered, it shall not be heard by the full court for thirty days. The practice has been, in accordance with the St. of 1864, *c.* 111, as soon as an appeal is claimed of record, to enter it forthwith in the full court, and to treat it as before the court in ten days after it is taken. It is admitted that ten days have elapsed in this case. The full court therefore has cognizance of the appeal.

The decree of the single justice was rendered upon the default of the appellants. No error of law appears upon the record. No evidence was taken before the single justice, and no report requested or made of the hearing before him. There is nothing before us therefore by which his decree can be revised in matter of fact. *Wright* v. *Wright*, 13 Allen, 207. *Ross* v. *Harper*, 99 Mass 175. *Smith* v. *Townsend*, 109 Mass. 500.

The application for the appointment of a commissioner to take evidence comes too late. It should have been made before the hearing by a single justice. The full court cannot order evidence to be taken, except in special cases of accident or mistake, when "further evidence" is required, in addition to evidence duly taken and reported before a single justice. Gen. Sts. *c.* 113, § 21. 35th Rule in Chancery, 104 Mass. 574.

*Decree affirmed.*