JOHN ALLEN *vs.* HANNAH C. ALLEN.

Suffolk. Nov. 18, 1874. — Jan. 11, 1875. WELLS & DEVENS, JJ., absent.

An intestate left a widow, five children by a former wife, personal estate amounting, after payment of debts, to $9000, and real estate of the value of $13,000 or somewhat more, in which the widow had dower. The widow remained in his house for ten weeks, and the administrator paid the expenses out of the estate. He also provided her from time to time with all the money she wished, and charged it to her distributive share. The Probate Court, two years after the death of the husband, upon the application of the widow, made her an allowance of $800; and its decree was affirmed, on appeal, by a justice of this court. Upon appeal to the full court, there being no evidence as to the time of the filing of her application or the cause of the delay of the Probate Court thereon, or as to the widow's age or state of health, or the mode of life to which she had been accustomed: *Held*, that the decree should be affirmed with costs.

APPEAL from a decree of the Probate Court, made October 27, 1873, allowing $800 to Hannah C. Allen, the widow of Henry Allen, upon her petition, dated January 10, 1872, for an allowance out of the estate of her deceased husband. The appellant, an heir at law of Henry Allen, filed the following reasons of appeal: " 1. Hannah C. Allen, is not in need of said $800, or any other sum, as an allowance from the estate of said Henry Allen, for necessaries, and is not entitled to the same by law. 2. It is more than two years since the death of said Henry Allen, and the said Hannah C. is entitled to large sums of money out of the estate of said Henry, and has from time to time, since the death of said Henry, received from said estate large sums, more than sufficient for necessaries for herself. She has no children dependent on her for support, and she is not in circumstances contemplated by the law making provision for allowances to widows from the estates of their deceased husbands, and said Hannah C. is not entitled to said allowance, or any other sum. 3. Said allowance of eight hundred dollars is excessive."

Hearing before *Wells*, J., who affirmed the decree of the Pro-bate Court, and, on an appeal being taken to the full court, made for the purposes of the hearing on the appeal, a report of the facts in substance as follows:

Henry Allen died October 1, 1871; and left five children, the children of a former wife. His widow and family remained in the house left by him from the time of his death until about the middle of the December following, and the expenses were paid by the administrator from the estate. About the middle of December, 1871, at the request of the widow, the family broke up house-keeping, and Hannah C. boarded from that time till the present. The administrator was appointed October 11, 1871, and he has furnished the widow, from time to time, with all the money she has desired since the husband's death, and charged the same to her distributive share of the estate. The appraised value of fur-niture belonging to the estate, including pictures, crockery, linen, books and household goods generally, was about $1650, and the entire personal estate, after payment of debts, would probably be about $9000. The real estate was appraised at $13,000, in which the widow had dower; and within one year after the death of the husband, the larger part of it had been sold for $14,500, and the income of one third of that sum had been paid to the widow regu-larly since that time. There is no memorandum in the registry of probate as to the time of filing the petition of the widow, and there was no evidence at the hearing as to the time when it was filed in fact.

*W. A. Herrick*, for the appellant.

*C. G. Thomas*, for the appellee.

GRAY, C. J. It is well settled in this Commonwealth that the allowance to be made by the Probate Court to a widow out of the estate of her husband is to be limited to what is reasonably necessary for her support for a moderate period after his death. Rev. Sts. *c.* 65, § 4, and note of commissioners. Gen. Sts. *c.* 96, § 5. *Adams* v. *Adams*, 10 Met. 170. *Drew* v. *Gordon*, 13 Allen, 120. But there is nothing to show that this rule was transcended in the present case. There is no evidence as to the time of the filing of the widow's application, or the cause of the delay of the action of the Probate Court thereon. And nothing appears, upon the report before us, as to the age or state of health of the widow

or the mode of life to which she had been accustomed — all of which, as well as the amount of property of her husband and of herself, and the question whether she has children dependent upon her, are to be taken into consideration in determining the amount of her allowance. *Washburn* v. *Washburn*, 10 Pick. 374. *Hale* v. *Hale*, 1 Gray, 518. *Hollenbeck* v. *Pixley*, 3 Gray, 521.

The fact that the administrator, without any requirement or authority of law, paid some of the widow's expenses, and advanced her some money out of the estate, for both of which he may hold her to account hereafter, does not defeat or affect her right to an allowance under the statute.

In *Washburn* v. *Washburn*, 10 Pick. 374, it was said that " the court of appellate jurisdiction is to revise the case upon the evidence produced, uninfluenced by the decision of the court below." But in that case the appeal from the judge of probate was heard by the full court; the only appeal then known to our statutes (except from the Probate Court) was at common law, opening the whole case, both in law and in fact; St. 1820, *c.* 79, § 4; Rev. Sts. *c.* 82, § 6; *Commonwealth* v. *Richards*, 17 Pick. 295; and the decision of a single justice of this court upon a probate appeal was not subject to further appeal in matter of fact. *Higbee* v. *Bacon*, 11 Pick. 423. Under the existing statutes, no appeal is permitted in actions at law, except for matter of law apparent on the record; St. 1840, *c.* 87, §§ 4, 5; Gen. Sts. *c.* 114, § 10; and the decision of a single justice of this court in a probate cause is put upon the same footing as in a suit in equity, and while it is made subject to appeal in all matters of fact as well as of law, is not to be reversed upon a question of fact unless clearly shown to be erroneous. Gen. Sts. *c.* 113, §§ 8, 10, 14, 21; *c.* 117, § 14. *Wright* v. *Wright*, 13 Allen, 207. *Mason* v. *Lewis*, 115 Mass. 334. *Reed* v. *Reed*, 114 Mass.

It may also be observed that the whole estate is larger, and the amount finally allowed to the widow less, in this case than in that of *Washburn* v. *Washburn.*

The widow having prevailed upon two successive appeals against a decree granting her an allowance, the decree of the justice of this court, affirming the decree of the Court of Probate, should be *Affirmed, with costs.*