MARIA SLACK, administratrix, *vs.* MARY A. SLACK.

Bristol. Oct. 24. — Dec. 21, 1877. LORD & SOULE, JJ., absent.

In a probate appeal, the decision of a single judge on questions of fact will not be reversed, unless it is clearly shown to be erroneous.

An intestate left a widow, to whom he was married in 1855, after having unlawfully cohabited with her for eight years. They lived together after marriage for about two years, when difficulties arising between them on account of his gross and confirmed habits of intoxication, which had existed throughout their cohabitation, they agreed that she should live apart from him for a year and then return. Before she went away, he withdrew his consent, but she insisted on leaving. At the end of the year she returned, but, finding that he had a housekeeper, with whom she believed him to be living in adultery, there being no bed in the house but his own, she went away and never returned, and was not asked to do so, but continued living apart from him, rendering him no services and supporting herself, until his death, which took place some years afterwards. She had no children by him, was in her seventieth year, and had no means of support. The Probate Court, upon the application of the widow, made her an allowance of $350; and its decree was affirmed, on appeal by the administratrix, by a justice of this court. *Held*, upon appeal to the full court, that the decree should be affirmed, with costs.

At the hearing on an appeal by an administratrix from a decree making an allowance to the widow of an intestate, evidence that the assets in the hands of the appel-

lant are insufficient to pay the allowance made to the appellee by the Probate Court is inadmissible, if the fact of such insufficiency is not stated as one of the reasons of the appeal.

APPEAL from a decree of the Probate Court, made December 1, 1876, allowing $350 to Mary A. Slack, as the widow of Welcome A. Slack, upon her petition, dated October 31, 1876, for an allowance out of the estate of her deceased husband.

The appellant, who was administratrix and an heir at law of Welcome A. Slack, filed the following reasons of appeal: "1. That the said Mary A. Slack was never lawfully married to said deceased, and is not his widow. 2. That said Mary A. Slack had deserted the said Welcome A. Slack for about fifteen years previous to his decease, and had lived entirely apart from him, was not a member of his family or household at the time of his decease, and had no claim in law or equity to any allowance out of his estate for necessaries, if she was ever his lawful wife."

Hearing before *Gray*, C. J., who affirmed the decree of the Probate Court, and, on an appeal being taken to the full court, made, for the purposes of the hearing on the appeal, a report of the facts as follows:

"The petitioner was formerly married to Peter Clark, and continued to be his lawful wife until 1855. In 1847, she went to live with the intestate as his housekeeper, and they cohabited as husband and wife from that time until 1858, when they were lawfully married, and afterwards continued to live together as husband and wife for about two years. Difficulties arising between them on account of his gross and confirmed habits of intoxication, which had existed throughout their cohabitation, they agreed that she should live apart from him for a year and then return. Before she actually went away, he withdrew his consent and urged her to remain, but she insisted on leaving him according to their agreement, and went to live with her daughter by the first marriage in another town. At the expiration of the year she returned to his house, but, finding that he had obtained another housekeeper, with whom she believed him to be living in adultery, (there being no bed in the house but his own and a lounge in his room,) she went away again and never returned, or was asked by him to return, and continued to live apart, rendering him no services and supporting herself, until

his death. She has no children by him, is in her seventieth year, and has no means of support.

" The appellant objected that it did not appear that the assets in her hands as administratrix were sufficient, and offered to prove that, by reason of their turning out to be of less value than was stated in her inventory, they were insufficient to pay the allowance ordered by the Probate Court. But it appeared that she had not rendered any account. And it was ruled that the objection was not open, and the evidence not admissible, under the reasons of appeal."

*J. Daggett*, for the appellant.

*H. B. Crandall*, for the appellee.

COLT, J. The evidence upon which the decree of the Chief Justice was based has not been reported. The report states all the facts deemed by him to be material on the question presented. All inferences of fact, and questions of discretion as well as of law, involved in the decree, are open to revision upon this appeal. But the decision of the single judge on questions of fact in a probate appeal, as in a suit in equity, will not be reversed, unless it is clearly shown to be erroneous. *Wright* v. *Wright*, 13 Allen, 207. *Allen* v. *Allen*, 117 Mass. 27.

The statute gives a discretionary power to the judge of probate to make such allowance to the widow as he shall judge fit for the supply of necessaries for her use, " having due regard to all the circumstances of the case." The question how much shall be allowed must depend upon the varying circumstances of each case, with reference to which no general rule can well be stated. The fact that the parties lived separate, or which party was the culpable cause of the separation, may have little application to the question. " The allowance," as remarked by Shaw, C. J., in *Hollenbeck* v. *Pixley*, 3 Gray, 521, " is not made to the widow as a reward for faithful service as a wife ; nor is it given out of the husband's estate as compensation to her for ill treatment by him as a husband ; but it is a question solely of her actual necessities." Gen. Sts. *c.* 96, § 5.

There is nothing in the facts reported in this case, which leads us to think that the decree of the Probate Court, or of the Chief Justice of this court, ought not to be affirmed. And there was no error in the ruling of the Chief Justice which confined

the evidence offered by the appellant to the issues raised by ‹L
reasons of appeal.

The widow having prevailed in this case, as in *Allen* v. *Allen*,
117 Mass. 27, in two successive appeals from a decree granting
her an allowance, the decree of the Chief Justice, affirming the
decree of the Probate Court, should be

*Affirmed, with costs.*