## MARTHA S. LISK vs. GEORGE LISK.

Essex. November 4, 1891. — December 16, 1891.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Estate of Deceased Person — Widow's Allowance.*

A delay of two years and eight months after the appointment of an administrator, in filing a petition in the Probate Court for a widow's allowance under the Pub. Sts. c. 135, § 2, does not make it impossible, as matter of law, to decree an allowance.

APPEAL, by George Lisk, from a decree of the Probate Court making an allowance, under the Pub. Sts. c. 135, § 2, of one hundred dollars upon the petition of Martha S. Lisk, the widow of his father, deceased, intestate. At the hearing in this court, before *Holmes*, J., it appeared that the intestate died on April 16, 1887, leaving a widow, the appellee, and an only child, the appellant; that an administrator was appointed on April 6, 1887 ; and that the widow filed the petition in question on January 17, 1890.

It also appeared, although the judge did not deem it material, that the real estate was inventoried at $3,491 and the personal at $1,721.50; that dower was duly assigned the widow in the real estate in July, 1887; that the administrator's first account, showing that she had been paid $243.58 and the appellant $487.17, was filed and allowed on December 19, 1887; and that his second account on file for allowance showed a net balance of $533.41 for distribution between the widow and the appellant; and that of the sum of $177.81, to which the widow was entitled apart from the present petition, she had received at the time of filing it $126.79. The widow testified that she had no other means of support except a small income from the real estate assigned to her, and what was due her from the administrator.

The judge found that the allowance was a proper one, and that the decree of the Probate Court ought to be affirmed, and ruled that the date of filing the petition did not make it impossible, as matter of law, to make the allowance, and, at the appel-

lant's request, reported the case to the full court on the question of the correctness of this ruling.

*C. Sewall*, for the appellant.

*S. D. York*, for the widow.

KNOWLTON, J. The only question reserved on this report is whether, on a petition for a widow's allowance filed two years and eight months after the appointment of the administrator, the delay in filing the petition makes it impossible as matter of law to decree an allowance.

In *Dale* v. *Hanover National Bank*, *ante*, 141, the rule laid down in previous decisions of this court is reaffirmed, that the purpose of an allowance under this statute is " to provide for the necessities of the widow and minor children for a short time, until they have an opportunity to adjust themselves to their new situation." While the amount of the allowance cannot exceed what is required to meet these necessities, many considerations must enter into the determination of it, and there is a wide field for the exercise of judicial discretion.

It has never been held that, because the necessities of a widow have been relieved through the charity of friends, or in some other way outside of herself, she is deprived of the right given her by the statute to have them provided for by an allowance in the Probate Court, so long as there is personal estate undistributed in the hands of the executor or administrator. An application for a widow's allowance ought to be made at an early stage of the proceedings before the Probate Court, and it ought not to be granted if it comes so late that the granting of it will cause embarrassment or difficulty in the settlement of the estate. Indeed, ordinarily the occasion for it ceases to exist within a short time after the appointment of the executor or administrator. But if a widow has borrowed money for the relief of her necessities, or received it through charity, there is no reason why the means of repaying it should not be furnished her by an allowance out of her husband's estate, to the same extent as if she had applied for the allowance before she obtained the means of relief. *Allen* v. *Allen*, 117 Mass. 27.

There is nothing in the report to show that the court erred in holding that the allowance was a reasonable and proper one.

*Decree of Probate Court affirmed.*