CAROLINE E. S. PORTER vs. ROBERT D. PORTER, administrator.

Norfolk. December 9, 1895. — January, 3, 1896.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Widow's Allowance.*

The allowance to a widow from her husband's estate is to be made in view of the condition of things at or immediately after the death of the husband, and a decree of the Probate Court making a second allowance in violation of this rule will be reversed.

APPEAL, by Robert D. Porter, from a decree of the Probate Court making a second allowance, under Pub. Sts. c. 135, § 2, of two hundred dollars, upon the petition of Caroline E. S. Porter, the widow of Robert Porter, deceased, intestate.

At the hearing in this court, before *Morton*, J., it appeared that upon this second allowance the appellant, who was the intestate's administrator, assigned as reasons for the appeal: 1. That the Probate Court, on May 25, 1892, decreed that the

widow be paid an allowance of $500, and that said allowance was duly paid, and that the jurisdiction of said court to decree said further allowance was exhausted.  2. That there was at the time of said second allowance to said widow no personal estate in the hands of the administrator.

The following facts were proved or admitted.  Robert Porter died on January 12, 1892, and the appellant was duly appointed administrator on January 20, 1892.  According to the inventory, which was returned on May 25, 1892, the personal estate was appraised at $10,145.36, and the real estate at $37,987, subject to mortgages of $17,325.  The first allowance was made on May 25, 1892, and at the time of the second allowance had all been expended by the widow for her necessary support.  At the time of the second allowance it was contended that the estate was ready for a final settlement.  On December 5, 1893, the administrator was cited by the widow to render an account, which was presented to her, but by agreement of parties was not filed in the Probate Court.  According thereto the administrator contended that all the personal property, with some $1,500 collected subsequently to the inventory, had been applied to the payment of debts.  In January, 1895, the administrator filed a final account, crediting the estate with some $2,500, collected since the account aforesaid, and contending, according to said account, that all of the personal estate had been applied to the payment of debts at the time of the second allowance.  This account was contested by the widow, and was never allowed by the Probate Court, and it did not appear that there was not personal property in the defendant's hands.

In July, 1894, dower was duly assigned the widow, all parties assenting thereto.  During her husband's lifetime the widow had lived comfortably, keeping a hired girl a part of the time, and having the use of a horse and carriage.  After his death she was compelled to support herself by dressmaking and keeping boarders, and at the time of the second allowance was in necessitous circumstances, and did not have proper clothing, and was $100 in debt for the groceries and provisions which she had reasonably required.  Her dower estate consisted of $5,000 worth of property, comprising wood and pasture land and a dwelling-house and barn.  She had continued, in addition, to

occupy rent free the residence of her late husband. She also owned a farm in Maine worth $1,200, subject to a mortgage of $450, and a house worth $4,000, subject to a mortgage of $1,000, none of which brought her any financial return.

The appellant asked the judge to rule that the petition for a second allowance could not upon these facts be maintained, and to dismiss it. The judge declined so to rule, and ordered the decree of the Probate Court to be affirmed; and the appellant alleged exceptions.

*O. A. Marden & E. F. Leonard,* for the appellant.

*B. R. Doody,* for the appellee.

ALLEN, J. The petitioner received an allowance of $500 soon after her husband's death, and after the expiration of two years and over, upon her petition, a second allowance of $200 was ordered by the Probate Court. At the time of the second allowance the first allowance had all been expended by her for her necessary support. It is not stated that the first allowance was insufficient for her immediate necessities at that time. The contrary is to be inferred from the terms of the bill of exceptions. But it is stated that at the time of the second allowance she was in necessitous circumstances, and did not have proper clothing, and was $100 in debt. She had some real estate, but it brought in no return in money.

It was settled in *Dale* v. *Hanover National Bank,* 155 Mass. 141, 145, that the allowance to a widow must be limited to such sum as will provide for her immediate necessities for a short time immediately following her husband's death. It was held in *Lisk* v. *Lisk,* 155 Mass. 153, that the order of allowance may be passed after a considerable lapse of time; but this decision did not vary the former doctrine. The allowance is to be made in view of the condition of things at or immediately after the death of her husband. In this aspect, the decree of the Probate Court making a second allowance must be reversed.

We do not determine the other question which was argued.

*Exceptions sustained.*