MARY E. CHASE *vs.* LIZZIE S. WEBSTER, executrix.

Suffolk.    December 3, 1896. — April 1, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Death of Party after Entry of Decree of Divorce nisi — Widow's Allowance.*

A decree of divorce nisi having been entered, the death of either party before the decree has been made absolute and before the time when it can be made absolute puts an end to the suit, and thereafter the divorce cannot be made absolute, either by order of court or by the operation of St. 1893, c. 280, § 1.

Where the will of a testator left all his property, amounting to nine hundred dollars, away from his widow, so that, having waived the provisions of his will, she was entitled under the statute to all his property not needed for the pay-

ment of debts and charges of administration, and it did not appear whether there were any debts, the court said that an allowance of one hundred dollars was not unreasonable, the justice who made the decree having found that the petitioner was in necessitous circumstances.

APPEAL from a decree of the Probate Court, made December 12, 1895, allowing $100 to Mary E. Chase, as the widow of William C. Chase, upon her petition, dated December 12 aforesaid, for an allowance out of the estate of her deceased husband.

The appellant, who was the executrix of the will of William C. Chase, filed the following reasons of appeal: " 1. That it does not appear that the appellee is the widow of William C. Chase. 2. That the appellee was not so placed by reason of the death of William C. Chase as to entitle her, assuming her to have been such widow, to an allowance. 3. That the appellee did not stand in such relation to William C. Chase as to entitle her to a widow's allowance upon his decease."

Hearing on appeal, before *Morton*, J., who affirmed the decree of the Probate Court, and reported the case for the determination of the full court, in substance as follows.

The petitioner was lawfully married to the testator on May 24, 1891, and was the widow of the testator. For two years, or thereabouts, before the testator's death they had lived separate and apart, although he had in the meantime contributed to her support. It appeared that he gave her $200 in May, 1895, part of which, she testified, she used to pay bills with and part to pay off a mortgage upon a piano which she subsequently sold for her living. There was no testimony that he either gave her or did not give her anything more. The cause of the separation did not appear, though it was, perhaps, to be inferred. The estate consisted of about nine hundred dollars, all personal property, and there were no children. It did not appear whether there were any debts. The testator left a will by which he devised the estate entirely away from the widow, who duly waived the provisions thereof. At the time of the testator's death, and at the time of the petition and allowance and of the hearing, the widow was in necessitous circumstances. She had no income or means of support except such as she derived from her precarious way of life. It did not appear what her husband's occupation or earnings were; nor, if that is essential, that her necessi-

tous circumstances were altogether due to his death, nor how much, if anything, the death really had to do with them. If she was entitled to an allowance, no objection was made that it was unreasonable in amount, and the judge found that it was reasonable.

The judge also found, subject to the objection of competency and materiality, that she was a dissolute woman; that at times' she was intoxicated, and that she was a woman of the town, and had depended for a living upon her business as such woman for the last two years, with what her husband gave her as aforesaid. The judge further found, subject to its competency and materiality, that in May, 1895, her husband obtained a divorce *nisi* from her for adultery, which had not been made absolute at the time of his death in August, 1895. There was no evidence whether the divorce would or would not have been made absolute if the husband had lived. The respondent contended that the above evidence as to her dissolute character was competent, and that, in view of it, the petitioner was not entitled to an allowance. The judge ruled and found that, if it was competent, she was notwithstanding entitled to an allowance.

The case was argued at the bar in December, 1896, and afterwards was submitted on briefs to all the justices.

*J. P. Prince*, for the respondent.

*H. Dunham*, for the petitioner.

BARKER, J.  A decree of divorce entered *nisi* does not dissolve the marriage. *Wales* v. *Wales*, 119 Mass. 89.  *Graves* v. *Graves*, 108 Mass. 314.  *Noble* v. *Noble*, L. R. 1 P. & D. 691. A decree *nisi* having been entered, the death of either party before the decree has been made absolute, and before the time when it can be made absolute, puts an end to the suit; and thereafter the divorce cannot be made absolute, either by order of court or by the operation of St. 1893, c. 280, § 1.  The petitioner is therefore the widow of the testator.

The power to make allowances from the personal estate of a deceased person is given by Pub. Sts. c. 135, § 2, and the direction given by the statute is that the petition shall be dealt with "having regard to all the circumstances of the case," with a necessary implication that the allowance shall be given only to relieve what, under the circumstances, are fairly to be deemed

necessities.  See *Washburn* v. *Washburn*, 10 Pick. 374; *Hollen-beck* v. *Pixley*, 3 Gray, 521; *Slack* v. *Slack*, 123 Mass. 443; *Dale* v. *Hanover National Bank*, 155 Mass. 141.  These cases hold that the allowance is not to be given with the design of taking the estate from creditors, or of modifying the provisions of a will, or of changing the course which property would take under the statute of distributions, and that the allowance may be given, although the widow at the time of her husband's death is living separate and apart from him; and the decisions cited say that the fact that the parties were separated, or the question which party was the culpable cause of the separation, may have little application to the question of the allowance, and that it is not made as a reward for faithful service as a wife, but is a question of the widow's actual necessities.

In the present case the allowance was of one hundred dollars only.  The will of the testator left all of his property away from his widow, and his estate amounts to nine hundred dollars, so that, having waived the provisions of his will, she will take under the statute of distributions all of his property not needed for the payment of debts and charges of administration, and it did not appear at the hearing whether there were any debts. The making of the allowance is therefore not shown to have been contrary to the provisions of the statute as construed and interpreted by the decisions cited.  The petitioner was found by the justice who made the decree to have been in necessitous circumstances, and entitled to the small allowance given her by the Probate Court.

The decision of a single justice of this court in a probate matter is not to be reversed unless clearly shown to be erroneous. *Allen* v. *Allen*, 117 Mass. 27, 29.  *Slack* v. *Slack*, *ubi supra*.  In the opinion of a majority of the court, we cannot say, as matter of law, that the circumstances were such as to make the allowance erroneous.

*Decree affirmed.*