ELLEN WELCH *vs.* WILLIAM WELCH & others.

Plymouth. January 16, 1902. — March 1, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Widow,* Allowance as necessaries.

The fact that a widow has lived apart from her husband for several years before his death does not prevent an allowance to her as necessaries under Pub. Sts. c. 135, § 2.

A delay of about a year and a half by a widow in filing a petition for an allowance as necessaries under Pub. Sts. c. 135, § 2, accounted for by the fact that negotiations for a compromise between her and the heirs of her husband's estate were pending, is not a bar to the petition.

APPEAL from a decree of the Probate Court for the County of Plymouth, granting an allowance of $440 to the petitioner, widow of William Welch, late of Abington, by his heirs, children by a former marriage.

The case was heard by *Hammond*, J. The respondents asked

for a ruling, that on the whole evidence the petitioner was not entitled to an allowance. The justice refused so to rule and affirmed the decree of the Probate Court, with costs to neither party; and the respondents alleged exceptions.

*J. P. Barlow,* for the respondents.

*G. W. Kelley,* for the petitioner.

LATHROP, J. This case comes before us on an exception to the refusal of the single justice of this court, who heard the case on appeal from the Probate Court, to rule that on the whole evidence the petitioner was not entitled to an allowance. The amount of the allowance, if any was to be made, is not raised by the bill of exceptions.

The power to make an allowance to a widow from the personal estate of her deceased husband is given by the Pub. Sts. c. 135, § 2, and is to be made "having regard to all the circumstances of the case."

The only possible grounds on which it can be urged that the widow was not entitled to an allowance are the fact that she had lived apart from her husband for some years, and the delay in filing her petition. As to the first ground it is settled that a separation continued down to her husband's death makes no difference. *Slack* v. *Slack,* 123 Mass. 443. See also *Chase* v. *Webster,* 168 Mass. 228, 231.

Nor is a delay in filing the petition necessarily a bar. *Allen* v. *Allen,* 117 Mass. 27, where there was a delay of two years. *Lisk* v. *Lisk,* 155 Mass. 153, where there was a delay of two years and eight months. In the present case there was a delay from July 9, 1899, until December 21, 1900. This delay was accounted for by the fact, as testified to by the petitioner, that negotiations between her and the heirs of her husband's estate, for a compromise, were pending. See *Ryder* v. *Loomis,* 161 Mass. 161, 163.

*Exceptions overruled.*