HARRIET T. SAMMONS v. HIGBIE'S ESTATE and Another.[1]

February 28, 1908.

Nos. 15,516—(224).

**Widow's Allowance.**

Subdivisions 1, 2, § 1, c. 334, Laws 1903 (now section 3653, R. L. 1905), which provide that certain personal property of a deceased husband shall be "allowed" to his widow, construed, and *held* to vest in the widow an unqualified right to the property immediately upon the husband's death.

**Same—Selection by Widow.**

The selection thereof by the widow is not essential to the investiture of the right. The right to the property vests and becomes absolute at the death of the husband, and the selection is necessary only as a designation of the particular property she elects to claim.

**Desertion by Wife.**

The abandonment of the husband by the wife, whether with or without cause, does not, in the absence of a decree annulling or dissolving the marriage, forfeit her absolute rights in or to his property.

[1] Reported in 115 N. W. 265.

**Survival of Right.**

> If the widow dies before the property "allowed" to her by the statute referred to has been set apart by order of the probate court, or before she has selected the same, the property passes and right of selection survives to her personal representative.

In proceedings in the probate court of Steele county to settle the estate of Delos Higbie, Harriet T. Sammons, as executrix of the estate of Anna Leslie Higbie, deceased, made application for the widow's allowance. From an order of the probate court denying the application, an appeal was taken to the district court of that county, which reversed the order of the probate court. From an order, Buckham, J., denying her motion for a new trial, the executrix of the estate of Delos Higbie, deceased, appealed. Affirmed.

*L. W. Collins, W. A. Sperry,* and *W. H. Hallam,* for appellant.

*Harlan E. Leach,* for respondent.

BROWN, J.

Application was duly made to the probate court of Steele county in the matter of the estate of Delos Higbie, deceased, by plaintiff, executrix of the last will and testament of his deceased wife, for the widow's allowance granted by chapter 334, p. 581, Laws 1903, and denied by that court. An appeal was taken to the district court, resulting in a reversal of the probate court and an order and judgment granting the prayer of the application. The executrix of the last will and testament of Higbie opposed the application, and appealed from an order of the district court denying a new trial.

The facts disclosed by the records are as follows: Delos Higbie and plaintiff's testate, Mrs. Higbie, were married to each other in the state of New York in the year 1864, and thereafter, in 1873, moved to and became residents of Owatonna, in this state. Higbie at all times thereafter until his death in January, 1905, continued an actual resident of this state. There was no issue from the marriage, and at the time of Higbie's death he was possessed of considerable real and personal property. Though his household furniture did not exceed $500 in value, his other personal property was largely in excess of that amount. Some time in 1883 Mrs. Higbie left her husband and moved to New Jersey, where she resided for a time, sub-

103 M.—29

sequently taking up her home among her friends in the state of New York, where she died on May 8, 1906, never returning to her husband in this state. So far as the record discloses, there was a complete estrangement between the parties, but the cause thereof, whether by reason of the misconduct of the husband or the voluntary act of the wife without cause, does not appear; but, in view of the conclusion we have reached on the questions presented, this is not important. They never resumed the relations of husband and wife after Mrs. Higbie left the state in 1883. By his will Higbie made no provision for his wife, but gave all his property to his niece, defendant in this action. Subsequent to his death in January, 1906, Mrs. Higbie duly applied to the probate court of Steele county to be appointed administratrix of his estate and for an allowance of temporary support pending the administration proceedings. This was opposed by defendant, sole legatee in the Higbie will, and the application was pending and undetermined in the probate court when Mrs. Higbie died in May, 1906. She made no application to have the wearing apparel of her deceased husband, or the household furniture or other personal property, set apart to her; nor did she in her lifetime make any selection thereof. Her application to the probate court to be appointed administratrix, so far as the property of deceased was concerned, was limited to a request for an allowance for her temporary support. After the death of Mrs. Higbie, plaintiff, her sister, was appointed executrix of her last will and testament by the proper court in the state of New York, and as such she duly made the application which is the subject-matter of this controversy, and which the district court, as already mentioned, granted.

Two questions are presented by the assignments of error: (1) When husband and wife have established a residence in this state, can the wife leave her husband and their residence, remove to another state, acquire a residence there, maintain it until her husband dies, more than twenty two years, never return to either husband or residence, and upon his death successfully assert a right as his widow to the statutory allowances? That is, is she the widow contemplated by the statutes? (2) If she is such widow during her lifetime and within the purview of the statute, and then dies without attempting

to make her selection by filing a petition for the allowance or by any equivalent act, can her executrix assert this claim and make the selection contemplated and secure the allowances provided for by the statute?

The statute in force when the rights here involved accrued, and which controls the determination of the questions presented (chapter 334, p. 581, Laws 1903, now section 3653, R. L. 1905), provides, so far as here material, as follows:

> When any person dies possessed of any personal estate, or of any right or interest therein, the same shall be applied and distributed as follows:
>
> 1. The widow shall be allowed all the wearing apparel of her deceased husband; his household furniture, to be selected by her, not exceeding in value five hundred dollars; other personal property to be selected by her, not exceeding in value $500; and such allowances shall be made as well when the widow receives the provisions made for her in the will of her husband, as when he dies intestate.
>
> 2. In case there is no widow surviving, then such allowance shall be made to the minor children, if any, and be selected by the guardian of such children.
>
> 3. The widow or children, or both, constituting the family of the deceased, shall have such reasonable allowance out of the personal estate as the probate court deems necessary for her and their maintenance during the progress of the settlement of the estate according to her or their circumstances, which, in case of an insolvent estate, shall not be longer than one year after granting administration, or in any case after the share of the widow in the residue of the personal estate mentioned in subdivision six of this section shall have been assigned to her.

Subdivision 4 provides that if, on the return of the inventory, it appears that the value of the estate does not exceed $150 over and above the allowance provided by subdivisions 1, 2, and 3, the whole estate shall be assigned to the widow and children.

Subdivision 5 provides that, if the estate amounts to more than the allowances so provided for, "the excess thereof shall, after the payment of the funeral charges, and expenses of administration, be applied to the payment of the debts of the deceased."

The residue, if any, subdivision 6 provides, shall be distributed as prescribed for the descent and disposition of real estate.

1. It is the contention of counsel for appellant that the abandonment by Mrs. Higbie of her husband and his home, continued from 1883 down to the time of his death, was wilful and without cause, and a bar to any claim to the property granted her by the statute just quoted; that the allowances there provided for were intended by the legislature as a bounty in honor of past marriage, to be bestowed upon those only who continued in the relation of wife in fact, and not merely in name, up to the time of the husband's death. It is insisted with earnestness that the statute should be so construed, and, so construing it, that the deserting wife in the case at bar forfeited all right to the allowances, whether they be construed as absolute property rights or as resting in the discretion of the probate court. A number of authorities are cited which seem to sustain their view of the question. Odiorne's Appeal, 54 Pa. St. 175, 178, 93 Am. Dec. 683; Appeal of Nye, 126 Pa. St. 341, 17 Atl. 618, 12 Am. St. 873; Kersey v. Bailey, 52 Me. 198; Hollenbeck v. Pixley, 3 Gray (Mass.) 521; Richard v. Lazard, 108 La. 540, 32 South. 559.

The statutes in the different states vary somewhat in their provisions on the subject (21 L. R. A. 244, note), and the cases just mentioned for the most part evidently involved only such allowances as under the particular statute construed rested in the discretion of the court, and were intended for the maintenance of the widow and children pending the administration of the estate—allowances such as subdivision 3 of our statute above quoted makes provision for. So far as allowances of that character are concerned, we have no serious doubt of the soundness of appellant's claim. Johnson v. Johnson, 41 Vt. 467; 18 Cyc. 392. The probate court would be fully justified in refusing an application for support under subdivision 3 by a widow who had abandoned her husband without cause, and lived separate

and apart from him for many years, and did not sustain the relation of wife in fact at the time of his death. But the weight of authority upholds the view that dower rights and those allowances of personal property which do not rest in the discretion of the court (Johnson v. Johnson, supra) are not barred or forfeited by a wife who, with or without cause, deserts and abandons her husband and is living separate and apart from him at the time of his death. Such property rights spring from and arise out of the marriage of the parties, and the authorities sustain the general proposition that, if that relation in fact exists at the time of the husband's death, the statutes apply and force and effect must be given their provisions.

It was held in Appeal of Nye, supra, that abandonment by the wife did not bar her dower right, though it did forfeit the discretionary allowances for her support pending administration. In Missouri the statutes provide that "the widow may take such personal property as she may choose not to exceed the appraised value of $400." This was held in Mowser v. Mowser, 87 Mo. 437, an absolute allowance, and the widow was held entitled to take the property, notwithstanding she had long prior to her husband's death deserted and abandoned him. See also from the same state: Comerford v. Coulter, 82 Mo. App. 362; Hastings v. Myers, 21 Mo. 519; King v. King, 64 Mo. App. 301. The statutes of Massachusetts provide that such parts of the property of the deceased husband as the court may set apart to the widow shall not be assets of the estate. In Slack v. Slack, 123 Mass. 443, it was held that the fact that the wife had long lived apart from her husband did not bar her right to the allowance thus provided for. Allen v. Allen, 117 Mass. 27; Lisk v. Lisk, 155 Mass. 153, 29 N. E. 375; Welch v. Welch, 181 Mass. 37, 62 N. E. 982. In those cases a delay of two years and eight months in one case, two years in another, and one year and six months in the last case, in applying for the allowance, did not forfeit or impair the right to the same. In Georgia the statutes require the court to set apart a year's support to the widow. The matter does not rest in discretion. It is the duty of the court to make the order, and the courts of that state hold that separation or abandonment does not bar the right of the wife. Smith v. Smith, 112 Ga. 351, 37 S. E. 407; Farris v. Battle, 80

Ga. 187, 7 S. E. 262. The same rule is followed and applied in Re Taylor's Estate, 5 Ind. T. 219, 82 S. W. 727, where it appeared that the husband and wife had been separated prior to his death for sixteen years, notwithstanding which the statutory allowances were granted the wife. The statutes of Texas are construed in like manner in Linares v. De Linares, 93 Tex. 84, 53 S. W. 579. And in other states see 14 Cyc. 933, and cases cited; Clark v. Clement, 71 N. H. 5, 51 Atl. 256; Foote v. Nickerson, 70 N. H. 496, 48 Atl. 1088, 54 L. R. A. 554.

Nearly all the cases in the text-books referred to as holding that abandonment by the wife forfeits her rights will be found on close examination to be based upon statutes clothing the court with discretionary power to provide for the support of the widow pending the administration of the estate. In those states having statutes like our own, where it is held that the allowances were intended by the legislature to be absolute and to vest in the widow an unconditional right to the property, the great weight of authority sustains the view that abandonment by the wife does not forfeit her rights. The principle of these cases was sustained and applied by this court in Murphy v. Renner, 99 Minn. 348, 109 N. W. 593, 8 L. R. A. (N. S.) 565, 116 Am. St. 418, where it was held that the wife's abandonment of her husband and home did not estop her, or those claiming under her, after his death from claiming her statutory rights in his real property. While that case involved real property, and the validity of the husband's deed of the homestead, it cannot be differentiated on principle, so far as the abandonment is concerned, from the one at bar. If the allowances of personal property provided by our statutes were intended by the legislature to vest unconditionally in the wife at the time of the husband's death, the principle of that and the other citations apply, and we turn our attention to that feature of the case.

The statutes controlling the question whether a right to the property vested in the wife at the husband's death, or whether the "allowances" rested in the discretion of the court, will admit of but one construction. They provide that when any person dies possessed of personal property the same "shall be applied and distributed," as follows: (1) The widow shall be allowed the wearing apparel of the husband;

(2) his household furniture of a designated value; and (3) other personal property not exceeding in value $500. This language is plain and unambiguous, and declares that the property mentioned "shall be allowed" to the widow, and its allowance is in no sense discretionary with the probate court. The clear intention of the legislature was to vest an absolute right to the property mentioned in the widow; the only act remaining to be done after the husband's death being the designation of the particular property selected by her. Kellogg v. Graves, 5 Ind. 509; Singleton v. McQuerry, 8 Ky. L. R. 782; Mitcham v. Moore, 73 Ala. 542. It was clearly not the intention that the property so "allowed" should enter into the administration of the estate at all; for it is expressly provided that, in case there be no widow, the children may make the selection which their mother might have made, had she survived. And subdivision 5 provides that only the excess over and above the property granted the widow and children shall be subject to the payment of the debts of the deceased, thus wholly exempting the special allowances from the administration of the estate. This view of the intention of the legislature is made more apparent by the provisions of subdivision 3, by which the temporary support of the widow and children is specially provided for and the probate court authorized to make such order in that behalf as may seem necessary and proper. This provision can leave no doubt that the legislature intended the provisions of subdivisions 1 and 2 to vest the property there referred to absolutely and unconditionally in the widow or children, as the case might be. 18 Cyc. 403, and cases cited.

Our conclusion, therefore, upon this branch of the case, is that the property rights here involved, being absolute by the statute in the widow, were not barred or forfeited by her abandonment of the husband before death, whether the abandonment was with or without cause; and we hold generally, in construing the statute, that if at the time of the husband's death in any particular case the relation of husband and wife in fact exists the provisions of subdivisions 1 and 2 vest in the widow an unqualified right to the property there referred to. The operation of the statute can be suspended or prevented only by a decree annulling or dissolving the marriage.

2. The second question involves the inquiry whether the death of the widow before a selection of the property so granted to her is made extinguishes her right, or whether it survives and passes to her personal representative. It is an admitted fact in this case that Mrs. Higbie made no selection of household furniture or other personal property in her lifetime. The selection was made by her executrix, and it is insisted that the right of selection died with Mrs. Higbie. We do not concur in this contention, though we concede that it is not wholly without merit. From what has been said as to the nature of the right granted by the statute, an absolute property right at the death of the husband, it would seem to follow logically that the property at her death passes to her personal representative, together with the right of selection where not previously selected by the widow. It is true that the language of the statute is that the property mentioned, "to be selected by the widow," shall be allowed to her, and that there can in no case be an order of allowance by the probate court until selection is made; but if, as we hold, the property passed to the widow at the death of the husband, the matter of selection becomes important only as a designation of the particular articles of property she chooses to claim. The only purpose of this part of the statute was to preclude the right of an administrator to set off property of his selection, and to confer the right of selection solely upon the widow. The selection is, therefore, not essential to the investiture of her rights. This view is sustained by the weight of authority, though the courts are not in full accord on the subject.

The statutes of Georgia provide, in respect to the distribution of estates of deceased persons, in substance and effect, that it shall be the duty of the court on "application of the widow," to set aside to her a year's support. It was held in Brown v. Joiner, 77 Ga. 232, 3 S. E. 157, that when the widow died before the allowance was made the right of selection survived to her administrator. Miller v. Crozier, 105 Ga. 54, 31 S. E. 122.

The statutes of Missouri, heretofore referred to, providing that the widow may "take such property as she may choose," not exceeding a specified value, were held in Hastings v. Myers, 21 Mo. 519, to vest absolute title in the widow, and that if she died before making

the selection the right passed to her administrator. Cummings v. Cummings, 51 Mo. 261.

The statutes of Arkansas provide that the widow may "select" certain personal property, and it was held in Clark v. Bramlett, 16 S. W. 119, that the right of selection, where the widow died before making it, passed to her personal representative.

Under a statute of Indiana providing for "selection" by the widow of personal property of her deceased husband, it was held by the supreme court of that state in Bratney v. Curry, 33 Ind. 399, that the right of selection, not having been exercised by the widow in her lifetime, passed at her death to her legal representative. The case of Harrell v. Hammond, 25 Ind. 104, cited by appellant, is not in conflict with the Curry case. The court in that case seems to have held that some action of the probate court was necessary in order to pass title to the property; but that decision is not in harmony with the law of this state as laid down in Benjamin v. Laroche, 39 Minn. 334, 40 N. W. 156. In that case the husband died possessed of a small amount of personal property, all of which the widow took and appropriated to her own use. No administration of the husband's estate was had until after her death. The widow died seven weeks after her husband, whereupon the probate court in proceedings thereafter instituted assigned the property to Laroche, to whom the widow had disposed of it before her death. That action of the court was sustained, and it was held that, as against the creditors of both the deceased husband and widow, the title of Laroche was valid. The case of Bratney v. Curry, supra, was followed and applied in Nelson v. Wilson, 61 Ind. 255.

The Laroche case sustains the construction we here give to our statutes, namely, that the right to the property which the widow is entitled to select passes to her at once on the death of her husband; the selection being only for the purpose of designating that which she chooses to take. If the right of property vests in her at that time, it follows necessarily that at her death it passes, precisely as other property owned by her, to her heirs or legal representatives, and not to the heirs or representatives of her husband.

Such is the law in Ohio, even as respects allowances for the tem-

porary support of the widow pending the administration. The statutes of that state require the setting apart to the widow of certain property as her necessities may require. It was held in Bane v. Wick, 14 Oh. St. 505, that where the appraisers charged with the duty of setting property aside neglected to do so, and the widow died after the expiration of a year without having waived or relinquished her right, the property so required to be set apart passed to her personal representatives. Sherman v. Sherman, 21 Oh. St. 631, 634.

In Kentucky the statutes provide that certain kinds of property shall be set apart to the widow, and it was held in Mallory v. Mallory, 92 Ky. 316, 17 S. W. 737, that the right to the property vests in her at once on the death of her husband, and, if she dies before it is assigned to her, her representative may recover it from the estate.

In Illinois the statutes provide that certain property "shall be allowed" to the widow, and it was held in York v. York, 38 Ill. 522, that the legal title to the property passed to her immediately on the husband's death, that her title was absolute, and at her death, but before selection had been made, descended to her personal representatives. The court there said: "The law vested this property in the widow, and on her death, like any other property to which she was entitled, it passed to her legal representatives, and they can sue for it and recover its value."

But we need not prolong this opinion by a further discussion of the authorities. In view of the trend of judicial opinion, as shown by the cases referred to, we have no difficulty in reaching the conclusion that under our statutes the failure of the wife in her lifetime to select the articles or property which are "allowed" to her does not necessarily divest her right thereto. Of course, she might waive her rights by declining or refusing to make a selection, or be estopped from asserting them by standing by and without protest permitting the property to be disposed of in the administration of the estate. 18 Cyc. 390. But no question of that kind is involved in the case at bar. It does not appear that the estate in question had been fully administered. On the contrary, at the time of Mrs. Higbie's death there was pending an application by her to be appointed the adminis-

tratrix. The case of Carey v. Monroe, 54 N. J. Eq. 632, 35 Atl. 456, cited by appellant, is not in point. The statutes of that state provide that the widow of the deceased, or her executor or administrator, might select from the goods and chattels left by her husband money or effects to the value of $200, and that when so selected the same should become the property of the family and remain for their use. Under that language, the court properly held that the title did not pass to the widow until selection had been made.

We therefore answer both questions presented adversely to appellant's contention, which results in sustaining the order of the trial court.

Order affirmed.