WILLIAM S. DEXTER, executor, *vs.* MARTHA P. R. CODMAN
& another.

Suffolk.   November 22, 1888. — January 5, 1889.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Probate of Will — Appeal by Testator's Widow — " Person Aggrieved " —
Issues to Jury — Setting aside Findings — Sanity — Undue Influence.*

The widow of a testator has a right of appeal, under the Pub. Sts. c. 156, § 6,
from the allowance of the will of her husband.

At the trial of a probate appeal a jury found that the testator was of unsound
mind, and that the will was procured by fraud or undue influence. On a motion
to set aside such findings, as against the evidence and contrary to the instruc-
tions given them, the judge set aside those relating to the testator's sanity, but
refused to set aside those relating to fraud or undue influence. *Held,* on an
appeal to the full court, the evidence not being reported, that the discretion of
the judge did not appear to be improperly exercised.

APPEAL by the widow and daughter of John Amory Codman
from a decree of the Probate Court allowing his will and two
codicils.

The executor moved that the appeal be dismissed for the
reasons, 1st, that the widow was not by law entitled to appeal
from the probate of her husband's will ; and, 2dly, that a larger
share of the testator's estate was given to the widow by the will
and codicils than would come to her if they were disallowed.
*Holmes*, J., overruled the motion.

The case was then tried before *C. Allen*, J., the following
issues, among others, being submitted to the jury :

" 2.  Was the said John Amory Codman of sound mind at the
time of making said alleged will ? "

" 3.  Was said alleged will procured by the undue influence or
fraud of Eliza Ann Hales Kimball ? "

" 6.  Was said John Amory Codman of sound mind at the time
of making said alleged first codicil ? "

" 7.  Was said alleged first codicil procured by the undue in-
fluence or fraud of said Eliza Ann Hales Kimball ? "

" 9.  Was the said John Amory Codman of sound mind at the
time of making said alleged second codicil ? "

The jury answered the second, sixth, and ninth issues in the negative, and the third and seventh issues in the affirmative.

The executor thereupon filed a motion to set aside the findings of the jury, the evidence in the case being filed therewith, on the following grounds:

" 1. That the verdict on the said issues and on each of them is against the evidence and the weight of evidence.

" 2. That the verdict on the said issues and on each of them is contrary to law and to the instructions of the presiding judge to the jury.

" 3. That the jury, in reaching their verdict on the said issues and on each of them, have manifestly been misled by partiality and prejudice, have either unintentionally erred by mistaking the terms of their instructions or misapprehended the weight of the evidence, or else they have mistaken their duty and abused their trust."

The judge subsequently set aside the findings of the jury on the second and sixth issues, and overruled the motion as to the findings on the third, seventh, and ninth issues, and ordered the decree of the Probate Court to be affirmed. The executor appealed, the evidence not being reported, to the full court.

*G. O. Shattuck & L. S. Dabney*, for the executor.

*R. M. Morse, Jr., & J. H. P. Dodge, (C. S. Hamlin & M. Morton, Jr.,* with them,) for the widow and daughter.

KNOWLTON, J. Under our law, a widow has a direct pecuniary interest in the estate of her deceased husband, and a decree allowing his last will and testament affects that interest. Unless she takes action, it divests her of the share of his property which the law gives her, and it leaves her with only such provision for her wants as the will makes for her. She can take measures to prevent that result by filing in the Probate Court, within six months, her waiver in writing of the provisions made for her in the will. Pub. Sts. c. 127, § 18. But the decree puts upon her the burden of doing this. And even then she does not get the same interest in the estate which she would have had if the will had been disallowed, for she only takes the income during her life of any sum exceeding $10,000 of personal property to which she would be entitled if her husband had died intestate, and she only gets that by doing a public act in apparent

opposition to the deliberately expressed will of her husband, when perhaps she knows that the so called will is a forgery, or is, for other reasons, at variance with her husband's wishes.

We think, if she believes the will to have been improperly allowed, she must be deemed to be a person aggrieved by the decree of the Probate Court, within the meaning of the Pub. Sts. c. 156, § 6. *Lawless* v. *Reagan,* 128 Mass. 592. *Pierce* v. *Gould,* 143 Mass. 234.

The court is not called upon to inquire whether, upon the settlement of the estate, it will be found that the will gives her more than she would take if there were no will, or more than another will of an earlier date, which perhaps all parties agree must be allowed if this is set aside. It is sufficient that the decree of the court deprives her of property to which she is entitled, even though the law permits her to get an equivalent, or a greater amount, to which, if the facts were shown, she would have no title.

She may well say that she wants what belongs to her under the law, as applied to the facts, and that she wants nothing the title to which is founded upon a falsehood. We are of opinion that the motion to dismiss the appeal was rightly overruled; but we do not intimate that, if the widow had not been entitled to appeal, her joining with her daughter in the appeal would have required that it should be dismissed. What questions might have been raised as to her continuing in the case as a party, it is unnecessary to consider. The decision in *McMasters* v. *Blair,* 29 Penn. St. 298, that a widow cannot appeal from a judgment allowing her husband's will, rests upon local statutes. Moreover, there were other reasons for the disposition made of the case, which chiefly occupied the attention of the court.

The only other question which has been argued before us is whether there was error in the refusal of the judge to set aside the findings of the jury on the third, seventh, and ninth issues. The third and seventh findings are that the will and first codicil, to which they respectively relate, were procured by undue influence and fraud, and the second and sixth findings are that the testator was not of sound mind at the time of making the will, and of making said codicil. The second and sixth findings were set aside, and the argument is, that the error of the jury in

finding that the testator was of unsound mind at the time of executing each of these instruments must have entered into their findings, that he acted at the same time under undue influence, and that these findings should also have been set aside.

A motion to set aside a verdict on the ground that it is against the evidence, or is contrary to the instructions of the presiding judge, is addressed to the discretion of the court ; and upon an appeal in equity, in which questions of discretion are open, the decision of the presiding judge, involving his view of facts, is not to be reversed, unless it is manifestly wrong. *Allen* v. *Allen,* 117 Mass. 27. It is a mistaken assumption that the issues as to sanity and undue influence, in a case of this kind, are necessarily so connected that error in a finding upon one of them implies error in the finding upon the other. In many cases, perhaps in most, they are very closely connected. In some the connection is slight and unimportant. Where there is a close connection, sometimes it is such that an error in relation to the former would almost certainly involve an error in regard to the latter, while an error in regard to the latter would not be likely to affect the finding upon the former. Sometimes a very important part of the evidence of undue influence is the mental condition of the testator, and sometimes the proof comes chiefly from overt acts of coercive tendency. In the same case there may be evidence tending to show insane delusions affecting the disposition which a testator seeks to make of his property, and evidence of undue influence which has hardly any relation to his mental peculiarity. How far the fact that a jury has gone astray in dealing with one issue shall be deemed important in considering a motion to set aside their finding upon another, must depend upon the relations of these issues to each other in the particular case, the evidence introduced upon each, and any facts and circumstances which throw light upon the nature or probable cause of the jury's mistake. And, finally, each issue is to be dealt with by itself, in view of the evidence, and of all that has occurred in the course of the proceedings.

In the case at bar, we see nothing to indicate that the discretion of the court was improperly or unwisely exercised.

*Decree affirmed.*