# License of Lorenz Wacker. Appeal of D. C. Gibboney.

*Liquor law—Statutory period for acceptance of license cannot be extended.*
An applicant for a liquor license has, under the statute, fifteen days within which to accept or refuse his license when allowed. This time being definitely fixed by the statute cannot be extended by the court.

*Liquor law—Appeals—Standing of remonstrant to appeal.*
The right of appeal belongs to every person in a legal sense aggrieved and whoever stands in a cause as the legal representative of interests which may be injuriously affected by the decree made in a license case is, within the meaning of the law, aggrieved. One who is properly before the lower court as a remonstrant and who is heard by that tribunal, is a. proper appellant.

Argued Oct. 20, 1897. Appeal, No. 117, Oct. T., 1897, by D. C. Gibboney, and as secretary of the Law and Order Society from the decree of Q. S. Phila. Co., granting a bottler's license to Lorenz Wacker. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

It appears from the record that Lorenz Wacker filed an application for a bottler's license at 801 N. Forty-eighth street, Philadelphia. A remonstrance was filed of the Law and Order Society. On May 14, 1897, a bottler's license was granted. On May 30, 1897, in obedience to the Act of June 9, 1891, P. L. 257, the grant was revoked for nonpayment of license fee within fifteen days. On July 8, 1897, petitioner Wacker presented petition dated June 17, 1897, to extend time of payment, which was granted the same day. On July 9, 1897, a receipt of the city treasurer for the license fee received fifty-six days after the legal grant, was filed.

An appeal was taken to the Superior Court by D. C. Gibboney and as secretary of the Law and Order Society, remonstrants.

*Errors assigned* were (1) Granting the petition of Lorenz Wacker on July 8, 1897. (2) In granting an extension of time. (3) In making the order indorsed on the application " and now July 8, 1897, license granted." (4) In rehearing and regranting in July term, 1897, a bottler's license on an application made to March term, 1897, heard March 31, 1897, wherein a final decree was made on May 14, 1897. (5) In rehearing and regranting to Lorenz Wacker an application for a bottler's license for the license year commencing June 1, 1897, the said application previously granted May 14, 1897, to the same person, for the same business, at the same place, for the same time, having been revoked May 30, 1897, by the express provisions of the act of assembly approved June 9, 1891, sec. 7, P. L. 257, no new application having been filed.

*Lewis D. Vail,* for appellant.—The court of quarter sessions cannot repeal the express provisions of an act of assembly. The action of the court below was not an amendment of the order of May 14, 1897: Riddle's Estate, 19 Pa. 431.

*John Dolman* for appellee.—There is no case in which a taxpayer or citizen is allowed an appeal from the decision of the quarter sessions on a question affecting the police government of the city. The act of June 9, 1891, gives the court of quarter sessions authority to grant liquor licenses, the only restric-

tion being that they shall be for one year from a date fixed by rule or standing order. The action of the quarter sessions is clearly within its powers under the act. The sincerity of the applicant is unquestioned. He owns sufficient money to pay his license fee, but failed to have it in his immediate possession at the proper time through a mere accident. Although he failed to pay it in time, he neither "neglected" nor "refused" to pay it as the act provides.

OPINION BY ORLADY, J., January 18, 1898:

The application for license in this case was resisted by the Law and Order Society of Philadelphia. A remonstrance was filed by the society in which legal and material objections were specifically averred, and these were attested by an affidavit. The record shows that the petition and the remonstrance were considered by the court on a hearing held March 31, 1897, and on May 14th the prayer of the petitioner was granted.

The applicant did not comply with the provisions of sec. 7 of the Act of June 9, 1891, P. L. 257. "If any person or persons shall neglect or refuse to pay to the city or county treasurer the sum of money directed in sections one and three, within fifteen days after his, her or their application for license has been granted by said court, then and in that case the said grant shall be deemed and held revoked and no license issued. It shall be the duty of the person or persons whose application has been granted by the said court, to pay the said sum of money to the said treasurer within the said fifteen days and forthwith produce to, and file with the clerk of court, the receipt of said treasurer thereof, and upon any default the said clerk shall forthwith mark the said application and grant 're-voked.'" The clerk of quarter sessions noted of record the default of the applicant as follows : "And now, to wit: May 30, 1897 the application and grant to Lorenz Wacker for bottler's liquor license at 810 North Forty-eight street, thirty-fourth ward is hereby revoked for nonpayment of license fee within fifteen days."

On July 8th fifty-six days after the license had been granted, Wacker presented his petition to the court in which he gave reasons for the default, and said that "he had been disappointed in securing the necessary money to pay the license fee from an

expected source and had made a number of efforts to get the money elsewhere but was unsuccessful." On this petition the court extended the time within which to pay the license fee and indorsed it " license granted."

July 9th, Wacker paid to the county treasurer the license fee, filed in the office of the clerk of quarter sessions a proper receipt therefor, and received from that official a bottler's license for one year from June 1, 1891.

After the grant of the license the proceeding was ex parte, no rule was granted, nor notice given to the remonstrants. No objection is or could be taken to the action of the court in granting the original license. The applicant had, under the statute, fifteen days within which to decide whether he would accept or refuse. That time is definitely fixed by the statute and cannot be extended by the court. The subsequent action of the court was without statutory authority. The whole proceeding is founded upon the statute, and the right to this license ceased when the applicant made default in not paying within the prescribed time. It is nowhere suggested that the decree of July 8th, was an amendment, or was made to correct an error of record in the knowledge of the court, and it cannot be construed otherwise than that the intention was to extend the statutory time for making payment of the license fee. The license was properly revoked by the clerk. The remonstrants were regularly on record and were heard without objection by the court at the time the license was originally granted. The right of appeal belongs to every person in a legal sense aggrieved. Not only are those persons aggrieved in a legal sense, whose individual, peculiar rights are invaded, but also those whose representative claims are assailed. Whoever stands in a cause as the legal representative of interests which may be injuriously affected by the decree made is, within the meaning of the law, aggrieved: Green v. Blackwell, 32 N. J. Eq. 768. This is the law of the civil courts, and we feel that the same generous rule should apply in license cases. One who is properly before the lower court as a remonstrant, and who is heard by that tribunal, is a proper appellant to this court. The remonstrance is signed by the " Law and Order Society of Philadelphia, D. C. Gibboney, Secretary," and the truth of the facts

stated therein is vouched for under oath by C. B. Jones. The same parties appear here as appellants.

The decree of the court dated July 8, 1897, granting the license to Lorenz Wacker is reversed, the costs to be paid by the appellee.