# License of Jonathan A. Umholtz.   Appeal of J. S. Doolittle and John McDowell.

*Liquor law—Transfer of lapsed license—Act of 1858.*

The court of quarter sessions is without jurisdiction to transfer a license, the petition for which had been allowed but the license subsequently revoked for nonpayment of fees.   No party having been licensed to sell liquors at the house in question the court had no jurisdiction to transfer a license which had not issued, and which could not lawfully have been issued; nor can it grant a license to the successor of a party who never had a license for the term.

·Argued Oct. 18, 1898.   Appeal, No. 154, Oct. T., 1898, by J. S. Doolittle and John McDowell, from decree of Q. S. Phila. Co., granting a retail liquor license to Jonathan A. Umholtz.   Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Petition for retail liquor license.   Before BIDDLE, P. J., and ARNOLD, P. J.

It appears from the record that petitioner was the proprietor of the Eagle Hotel in Philadelphia and in 1896 he rented the barroom and fixtures to one William Hamburg, to whom the license was transferred; that each subsequent year a license was granted in the name of William Hamburg.   On May 2, 1898, a license was again granted to the said William Hamburg, but Hamburg did not pay the license fee for the current year and his license was thereupon marked revoked.   The petition averred that petitioner was ready and willing to pay the amount due for license and prayed that the same be granted in his name agreeably to the 7th section of the act of April 20, 1858.   On July 2, 1898, the remonstrance of J. S. Doolittle and others was filed.   On July 11, 1898, petition was granted and bond and justification of sureties filed, approved and license issued. J. S. Doolittle et al. appealed.

*Errors assigned* among others were (1) in granting a retail liquor license to Jonathan A. Umholtz.   (6) In granting said license to the said Jonathan A. Umholtz under the provisions

of the 7th section of the Act of April 20, 1858, P. L. 365, or under the provisions of any other act of assembly.

*Lewis D. Vail*, with him *D. C. Gibboney*, for appellants.—This act of 1858 authorized the court to transfer the existing license of Hamburg to Umholtz, viz : till May 30, 1898. But it never authorized any court to transfer that which did not exist, or to grant a license for the remainder of a year to a successor of nobody.

We do not contend that an existing license may not be transferred without the consent of the licensee. This was done in Doyle's License, 6 Kulp, 356, Summa's License, 2 Dist. Rep. 651, Leibeknecht's License, 3 Dist. Rep. 473, and in other cases. But in all these cases the transferred license had been issued.

The Act of July 15, 1897, P. L. 297, provides for the transfer of an existing license from one person to another.

Rule 12, section 9, of the Philadelphia court directs that the petition for transfer must be filed and advertised. No such advertisement was made or certified to the court : Wacker's License, 6 Pa. Superior Ct. 323.

*Francis I. Gowan*, of *Gowan, Hood & Ingersoll*, for appellee.— The locality is the controlling object, not the individual. Licenses are granted primarily to the place, not to the person, and this license was properly transferred or granted under the 7th section of the Act of April 20, 1858, P. L. 365.

The exact point has not been decided by this court or the Supreme Court, nor, so far as is known, by any of the lower courts of the State. But there are numerous cases in the various quarter sessions courts in which the rights of granting a license to a successor of a party who has removed or died have been considered : Russell's License, 1 Dist. Rep. 267 ; Teller's License, 3 Pa. C. C. R. 235 ; Heilig's License, 2 Dist. Rep. 342 ; Summa's License, 2 Dist. Rep. 651 ; Breen's License, 2 Dist. Rep. 652 ; Doyle's License, 6 Kulp, 356 ; Leahy's License, 3 Dist. Rep. 472.

It is submitted, therefore, that the court below, upon the removal of William Hamburg and the proper application of Jonathan A. Umholtz, were presented with a case calling for the exercise of their discretion, and their order in the matter should not be set aside.

OPINION BY W. D. PORTER, J., February 17, 1899:

William Hamburg, having made application, in accordance with the requirements of the act of assembly, and the rules of the court, for a license to sell liquors at retail at the Eagle hotel, in the sixth ward, of the city of Philadelphia, for the year beginning June 1, 1898, his application was granted on May 2, 1898. Hamburg failed to pay the license fee within fifteen days and, in accordance with the provisions of the act of assembly, the grant of his application was revoked, and so marked of record on May 18, 1898.

Jonathan A. Umholtz, on May 19, 1898, presented his petition to the court, setting forth the facts above recited, and that he was the proprietor of the Eagle hotel, and that Hamburg had left the city for parts unknown. He stated his willingness to pay the amount due for said license and prayed the court that a license for said premises be granted in his name, agreeably to the 7th section of the act of April 20, 1858. Appellants appeared and remonstrated against the granting of the prayer of the petition. The court after hearing, on July 11, 1898, ordered that the prayer of the petitioner be granted and that a license issue as prayed for. The remonstrance appealed and now assign for error the making of this order and the granting of the license to Umholtz.

Umholtz not having complied with the requirements of the act of assembly, approved May 13, 1887, and the rules of the court of quarter sessions of the county of Philadelphia made in pursuance of said act, the court was without authority to grant him a license as an original applicant under said act; the application not having been made in time and never having been advertised. This position is conceded by counsel for appellee, and was taken by him in his petition presented to the court below. The only ground upon which the regularity of the license to Umholtz is attempted to be sustained is, that he took as the transferee or successor of Hamburg, and section 7 of the Act of April 20, 1858, P. L. 365, is relied upon as vesting in the court power to decree such transfer. That part of section 7 of the act of 1858, which is material to this inquiry is in the following language, viz: "But if the party licensed shall die, remove, or cease to keep such house, his, her or their license may be transferred, by the authority granting the same,

or a license be granted to the successor of such party, for the remainder of the year, by the proper authority, on compliance with the requisitions of the law in all respects, except publication, which shall not in such case be required, Provided, that where any license is transferred as aforesaid, no payment, other than fees, shall be required; and when a license is granted under this section, for a portion of a year, the party licensed shall pay therefor a sum proportionate to the unexpired term for which the same is granted."

Under the terms of this enactment it is essential that some party licensed shall have died, removed or ceased to keep such house, before any power conferred by the legislation can be exercised. That there must have been a party licensed is made a condition precedent to the vesting of the authority to transfer the license or to grant a license to the successor of such party, for the remainder of the year. In case any license is transferred under this section, the transferee is especially exempted from the payment of any money for the license, thus clearly indicating the legislative intent that the section should only apply to cases where a party legally licensed and who had paid for his license should die, remove or cease to keep such house, during the term for which he had obtained the right to sell under his license. The clause of the section authorizing the granting of a license to the successor of such licensed party, for the remainder of the year, was undoubtedly introduced to meet those cases in which the party licensed had lost the right to possession of the house, and at the same time his consent to a transfer of the license could not be obtained. The license transferred, or the license granted to the successor, is to be for the same term covered by the license held by the licensed party who has died or removed. It is manifest that, in order to make valid a transfer or a grant of license to a successor, there must have been some predecessor who held a license which gave him a legal right to sell liquors during the entire year, if he had lived and retained possession of the house.

The validity of the grant of license to Umholtz turns upon the standing of Hamburg as a licensee. Had William Hamburg been licensed to sell liquors for the year beginning June 1, 1898? If he had, then, there was no irregularity in issuing a license to Umholtz as his successor. Hamburg had presented

his application in due form and at the proper time and, after hearing, the court had, on May 2, 1898, granted the application, but the mere granting of his application did not license him to sell liquors, it was an important step in the proceeding to obtain a license and established his right to receive the license, upon compliance with the conditions required by law to be subsequently performed.

The ninth section of the Act of May 13, 1887, P. L. 108, provides, that if the applicant shall neglect or refuse to pay to the city or county treasurer the amount required to be paid for his license, " within fifteen days after his, her 'or their application has been granted by said court, then and in that case the said grant shall be deemed and held revoked and no license issued;" then follows the requirement that, upon failure of the applicant to file the receipt of the treasurer within fifteen days after the application has been granted, the clerk of courts shall forthwith mark said application and grant "revoked." The applicant has, under this statute, fifteen days within which to decide whether he will accept or refuse; if he fails to pay within that time all his rights under the grant of his application cease, the proceedings upon his application are at an end and his failure to obtain a license is absolute. It is not within the power of the court to relieve an applicant thus in default by extending the time of payment beyond the limit fixed by the statute: Wacker's License, 6 Pa. Superior Ct. 323.

The tenth section of the act of 1887 provides, that "the license shall not be issued to any person or persons until he, she or they shall have executed a bond to the commonwealth," etc. All these things are required to be done by the successful applicant before the license shall be issued. Until the license is issued there is no party licensed. It is argued on behalf of appellee that Hamburg was licensed, because the sixth section of the act of 1858 authorized an applicant whose petition had been granted to sell for fifteen days, before paying his license fee and taking out his license. As this section was repealed by the act of 1887, which in its first section, makes it unlawful to sell except when a license shall have been previously obtained, and, in section thirteen, enacts that no such license shall authorize sales until it has been framed under glass and

placed conspicuously in the chief place of making sales; it does not seem necessary to notice the argument further.

The Supreme Court said, In re Blumenthal's Petition, 23 W. N. C. 493: "When the state grants a license to a man for that purpose, the latter acquires a privilege to sell liquor for a specified time for which he has paid the commonwealth a valuable consideration. The privilege, however, is personal and is not assignable. It follows, therefore, that a license cannot be transferred unless expressly authorized by act of assembly and in the mode therein prescribed." Hamburg had acquired no privilege to sell liquor during the year beginning June 1, 1898, nor had he paid for such privilege. When the grant of his application was revoked it was in effect a legal dismissal of the application. No party having been licensed to sell liquors, at the house in question, for the year beginning June 1, 1898, the court was without jurisdiction to transfer a license, which had not issued and which could not lawfully have been issued, or to grant license to the successor of a party who never had a license for the term.

The decree of the court below, dated July 11, 1898, granting the prayer of the petitioner and ordering that a license issue to Jonathan A. Umholtz is reversed, the costs to be paid by the appellee.