# CHARLESTON

## FREEMAN *v.* FREEMAN.

Submitted January 24, 1907.    Decided April 27, 1907.

1.  WILLS—*Who May Contest—Widow.*
    The widow of a person who died, leaving no children, may contest the will of her deceased husband. (p. 683.)

2.  SAME.
    The decision in *McMechen* v. *McMechen*, 17 W. Va. 683, denying to a widow the right to contest her husband's will, in a case in which the husband was survived by children, as well as a widow, does not apply, when the testator left no children, since the reason of the rule enunciated in that case. fails under the altered circumstances. (p. 684.)

3.  SAME—*Election by Widow.*
    Section 11 of chapter 78, Code of 1899, section 3177, Code of 1906, providing that, if a widow renounce her husband's will, or if no provision has been made for her in his will, she shall have such share of her husband's real and personal estate as she would have had, if he had died intestate, leaving children, presupposes a valid will which has passed through, and survived, the ordeals of probate and contest. (p. 685.)

Error to Circuit Court, Mercer County.

Action by Lizzie Freeman against Ernest W. Freeman and others. Judgment for defendants, and plaintiff brings error.

*Reversed.    Remanded.*

R. C. & BERNARD McCLAUGHERTY, WILLIAMS & WIL-
LIAMS and CHILTON, MacCORKLE & CHILTON, for plaintiff in
error.

HOLT & DUNCAN, HALE & PENDLETON and J. M. Mc-
GRATH, for defendants in error.

POFFENBARGER, JUDGE:

R. E. Freeman, who is said to have possessed a large per-
sonal estate, died in June, 1905, leaving no children, but
leaving surviving him a widow, Lizzie Freeman. He had
made a will on the 24th day of November, 1903, by which he
had disposed of his entire · estate to . persons other than his
wife. The will having been admitted to probate by the
clerk of the county court of Mercer county, the widow ap-
peared, made objection to the confirmation of the probate
thereof, and asked to be permitted to contest the will. The
court fixed a day for the trial of the contest. On the day so·
fixed, the proponents of the will appeared and moved to dis-
miss her objection, which motion the court sustained and
confirmed the probate made in the office by the clerk. Be-
fore the dismissal of her objection and contest, but after the
argument on the motion had commenced, she moved the
court for leave to amend the order previously entered, so as
to show that she had appeared as widow and sole distributee
and to prove that her husband had died leaving no children,
but the court refused to hear the testimony and overruled
her motion. Thereupon she moved the court to appoint a
curator to take charge of the estate pending the contest,
which motion was also overruled and she put upon the rec-
·ord notice of her intention to appeal to the circuit court. In
the circuit court, on appeal, she renewed her motion for the
appointment of a curator, which motion was denied and the
proponents of the will moved the dismissal of the appeal on
the ground that she could not contest the will of her hus-
band, which motion was sustained and the appeal dismissed.
From this order she has appealed to this Court, and the sole
question presented is whether she had the right to contest
the will of her husband under the circumstances. If so, the
appointment of the curator follows as a matter of course.

The appellees rely upon the decision of this Court in *Mc-*
*Mechen v. McMechen*, 17 W. Va. 683, holding as follows:

"A widow has no right to contest her husband's will, for she is not bound by it, but may renounce it;" and upon *Mc-Masters* v. *Blair*, 29 Pa. 298, which this Court followed in adopting the conclusion above quoted.

*McMechen* v. *McMechen* proceeds upon the theory that, by reason of her right to renounce, a widow is not prejudiced by the will of her deceased husband, although it may take from her what the law allows her out of the estate. The statute enables her to renounce the provisions made for her in the will and thereby acquire one-third of the personal estate and her dower in the real estate, and if no provision has been made for her she obtains this without renunciation. The statutory provision reads as follows: "When any provision for a wife is made in the husband's will, she may, within one year from the time of the admission of the will to probate, renounce such provision. Such renunciation shall be made either in person before the county court by which the will is admitted to record, or by a writing recorded in the office of the clerk of said court, upon such acknowledgment or proof as would authorize a writing to be admitted to record under chapter seventy-three of this Code. If such renunciation be made, or if no provision be made for her in the will, she shall have such share of her husband's real and personal estate as she would have had if he had died intestate, leaving children, otherwise she shall have no more thereof than is given her by the will. A husband may, in like manner, renounce a provision made for him in the will of his wife, and in such case, or if no provision for him be made in the will, he shall have such share of his wife's estate, real and personal, as he would have had if she had died intestate leaving children; otherwise, he shall have no more thereof, than is given him by the will." Code 1906, section 3177. In *Mc-Mechen* v. *McMechen*, renunciation would have given the widow exactly the same interest that she would have acquired by successfully contesting the will. In a practical sense, therefore, the contest would have been useless. It would have been a laborious and expensive method of acquiring what she could have gotten by merely filing in the clerk's office of the county court a writing by which she renounced the provision made for her. Whether the decision, based upon this practical view of her situation, is reconcila-

ble with legal principles, we are not called upon to determine, since this case is not within the rule; but it seems to me a very doubtful proposition. It compels the widow to take by one title what she has the right to take by another. It forces her, when there is a forged or fraudulent will set up, to treat it as a valid will and take by renunciation of its provisions, instead of by direct distribution under the statute. It is well settled that in a case of concurrent jurisdiction, a court of equity will not turn the plaintiff away, because he may have relief in a court of law, nor will a court of law turn him away because he can obtain the relief in a court of equity. Neither court will deprive him of his right of election. The doctrine of the Pennsylvania case has been expressly disapproved in Massachusetts. See *Dexter* v. *Codman*, 148 Mass. 421; *Pattee* v. *Stetson*, 170 Mass. 93.

In this instance, neither renunciation nor the fact that no provision for the wife is made in the will, can give the appellant the same interest that she would obtain by a successful contest. The will, unless set aside, will take from her a large amount to which she is entitled under the statute, if the husband died intestate,. The statute of distribution, section 3175 of the Code of 1906, provides as follows: "If the intestate leaves a widow and children by the same or a former marriage, the widow shall be entitled to one-third of the surplus, and if he leaves no children, she shall be entitled to the whole thereof." Section 3177, by the letter thereof, gives the husband the power to limit his widow by will to one-third of the personal estate, when he leaves no children. It is only in the case of intestancy, without children, that the statute purports to give the widow the whole of the personal estate; but in such case its terms are plain explicit and positive. To deny her the power to contest a will under such circumstances, would make her the victim of a forgery or fraud in any case in which designing persons might see fit to perpetrate it; and her injury would be most flagrant and serious. It would deprive her of two-thirds of the entire personal estate, for, in the absence of a will, the law gives her the whole of it, and a valid will confines her to one-third of it. This case, therefore, is not within the spirit of the decisions in the *McMechen Case* and *McMasters* v. *Blair*, 29 Pa. The former proceeds upon the theory that,

by renunciation, the widow can obtain all that a success-
ful contest would give her, wherefore, her interest is not
effected by the will.    The Pennsylvania case proceeds upon
the same theory.    The opinion in that case says:    "She has
no right to contest her husband's will for she is not bound
by it.    She may have her statutory dower, and her statu-
tory share of his personal estate, if she does not like the
will, and she must leave it to his heirs to dispute the will,
Her will is stronger than his so far as it affects her right,
and that far she may set it aside by a simple election."    It is
argued in the brief that under the Pennsylvania statute, as
it stood at that time, the widow's renunciation did not give
her the same interest that a successful contest of the will
would have given, and, therefore, that the case sustains the
position of the appellees here.    It suffices to say in respect
to this that, if renunciation did not give her the same inter-
est that she would have acquired by a successful contest, it is
clearly manifest that the court misapprehended the case and
decided it upon a wrong theory; for the opinion says: "*Her
will is stronger than his so far as it affects her right, and
that far she may set it aside by a simple election.*"    That is
not true under the circumstances of this case.    Here, her
will is not stronger than his, and she cannot set the will aside
by renunciation so far as it affects her right.    Renunciation
or absence of provision for her in the will gives her but one-
third of the estate.    But for the will, she would take the
whole thereof.    Since the reasoning of the two cases relied
upon fails here, the rule enunciated by them is inapplicable
and must fail also.    It does not operate justly and accord the
litigant what the law in express terms gives her.    It is a
mere rule prescribed by the court to meet the exigencies of a
particular class of cases.    Therefore, when the conditions
are so altered that its application will not subserve, but, on
the contrary, will defeat, the ends of justice, it must be set
aside.    This is an instance in which "circumstances alter
cases."

Chapter 78 of the Code bears no relation whatever to the
matter of the probate of wills, in respect to which contests
arise.    It does not deal with the matter of contest, nor say
who may, or may not, contest a will.    It presupposes that
the will has passed through the process of probate and de-

termined the rights of parties interested in the estate. In other words, it presupposes a valid and binding will against which the parties cannot set up any objection. It would be absurd to say that this statute contemplates and gives validity to a mere fraudulent paper, denying the right of contest to the only person on earth to whom the law gives the estate, in the absence of a will. The provisions for the probate of a will are found in the preceding chapter of the Code, 77, which allows "any person interested" to object to the confirmation of the probate made in the clerk's office, meaning any person interested in the estate, not in the will. One claiming under the will and interested in it never contests it. Contests are always made by persons who would have interests in the estates, but for the wills, whose interests are either destroyed or impaired by the wills and who stand hostile to them.

For the reasons stated, the said judgment of the circuit court of Mercer county will be reversed and set aside, and this Court, rendering such judgment as said circuit court should have rendered, will reverse and annul the judgment and action of the county court of said county, in dismissing appellant's said objection and contest, and remand the case to said circuit court, for further proceedings according to law and the principles herein stated.

*Reversed.    Remanded.*