JACOB F. BECKER, executor, *vs.* WILLIAM C. BECKER & another.

Suffolk. January 13, 1921. — April 26, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Probate Court,* Appeal. *Practice, Civil,* New trial. *Evidence,* Opinion: experts; Of state of mind; Admissions and confessions. *Undue Influence. Will,* Validity.

Upon a motion for a new trial of issues, referred, on appeal from a decree of the Probate Court, by the Supreme Judicial Court to the Superior Court for trial

by jury, the issues being as to the soundness of mind of a testator and as to whether he had been unduly influenced in the making of his will by the person named therein as chief beneficiary and executor and the jury having answered the first issue negatively and the second affirmatively, the judge set aside the answer to the first issue and, subject to an exception by the proponent of the will, otherwise denied the motion. *Held*, that the exception must be overruled, such exercise of discretion by the judge not appearing to be manifestly wrong.

Exceptions by the proponent of a will, at the trial of an issue whether the testator in the making of his will was unduly influenced by the person named therein as chief beneficiary and executor, to the allowance as a "preliminary question" of a hypothetical question, put to an expert and specialist in mental and nervous diseases, which assumed the truth of certain facts stated and directed the attention of the witness to the day when the will was executed, six weeks and one day before the death of the testator, and asked, "what is your opinion as to whether his mind at that time was in a normal condition?" and to the admission in evidence of the answer, "It was not in a normal condition," must be overruled, where it appears from the entire testimony of the expert that by his answer he intended only to say that the mind of the testator was more susceptible to influence and was less able to function normally than would be the case had he not had cardiac-vascular-renal disease.

The reason for the rule, that one of several legatees or devisees, who is not in privity with other legatees or devisees and who by improper means has procured the making of a will, shall not be permitted through his admissions to defeat the rights of other legatees or devisees under the will, ceases when the person making the admissions is the sole beneficiary, or when the interest of the other legatees or devisees is merely nominal and they seek to prevent the probate of the will by proof of undue influence or fraud on the part of the principal beneficiary which his admissions tend to establish.

Where an instrument offered for proof and allowance as a will names as beneficiaries only a brother and a sister, to each of whom is given $50, and a second brother to whom is given all the rest, residue and remainder of the estate amounting to about $8,000, and who is named as executor, it is proper to admit in evidence, at the trial of an issue, whether the will was procured to be made by undue influence of the second brother or of his wife, evidence of statements made by the second brother to his brother and sister after the reading of the will following the funeral of the testator, "That is the time I fixed you," "I fixed you . . . and will fix you again," "I made George [the testator] sore on you."

PETITION, filed in the Probate Court for the county of Suffolk on October 17, 1919, for the proof and allowance of the will of George Becker, late of Boston.

By the will, $50 was given to William C. Becker, a brother of the testator, and $50 to Catherine E. Linker, a sister, and all the rest, residue and remainder of the estate, amounting to about $8,000, was given to Jacob F. Becker, a brother, the petitioner, who also was nominated as executor without being required to give a surety or sureties upon his official bond.

William C. Becker and Catherine E. Linker opposed the proof of the will. In the Probate Court the will was allowed by *Grant, J.* On appeal, issues were framed, as described in the opinion, and sent to the Superior Court for trial. The trial in the Superior Court was before *Quinn*, J.

At the trial the testimony of a number of witnesses called by the contestants as to declarations made by the executor tending to show that he had procured the making of the will by fraud and undue influence was admitted subject to the executor's exception. William C. Becker testified that, after the will was read following the testator's funeral, the executor said: "That is the time I fixed you [to Mrs. Linker] and that is the time I fixed you [to William Becker]. Lizzie [Mrs. Linker] did not send a postal card and you [William Becker] did not cut his grass." Mrs. Linker testified, with reference to the same occasion, that the executor pointed his finger at her and said, "I fixed you, didn't I?;" that she replied, "You did, all right. I expected five dollars from you and you gave me fifty dollars;" that the executor said, "You did not send him a postal and Bill did not come to cut his grass;" and then, pointing his finger at William Becker, said, "I fixed you, too, and will fix you again;" that the executor also said to her, "I made George sore on you." There was other testimony to the same effect.

Other material evidence and exceptions saved by the executor are described in the opinion. The jury answered the first issue in the negative and the second in the affirmative. On a motion by the executor that both the answers be set aside and a new trial granted, the judge set aside the answer to the first issue and denied the rest of the motion. The executor alleged exceptions.

The case was argued at the bar in January, 1921, before *Rugg, C. J., De Courcy, Crosby, Pierce, & Jenney*, JJ., and afterwards was submitted on briefs to all the Justices.

*C. H. Donahue*, for the executor.

*R. S. Wilkins*, for the respondents.

PIERCE, J. In the matter of the will of George Becker propounded for probate, on appeal a justice of this court framed and sent to the Superior Court for answers by a jury two issues, as follows:

"First issue. Was George Becker of sound and disposing mind

and memory at the time of the execution of the instrument which is now propounded for probate as his last will?

"Second issue. Was the instrument propounded for probate as the last will of said George Becker procured to be made by the fraud or undue influence of Jacob F. Becker and Mary Becker, or either of them?"

In the Superior Court, to the first issue the jury returned the answer "No." And to the second issue the jury returned the answer "Yes." No request for rulings was made or refused, and no exceptions were taken to the charge. After the verdict the executor duly filed a motion for a new trial on each issue, for the reason that the answer returned by the jury was against the evidence, the weight of the evidence, was unsupported by the evidence, and was against the law. The trial judge, after a hearing on the motion, made the following order: "The answer of the jury to the first issue is set aside for the first two reasons set forth in the motion. Executor's motion otherwise denied." "To the refusal of the judge to set aside the answer of the jury to the second issue, to the refusal of the judge to allow the executor's motion for a new trial, to the refusal of the judge, having set aside the answer of the jury to the first issue, to set aside the answer to the second issue, the executor duly objected and excepted."

This exception must be overruled. No question of law was raised for the first time on the motion for a new trial; the assigned reasons presented questions which were addressed to the discretion of the trial judge, which is not subject to the revision of the court unless manifestly wrong. *Allen* v. *Allen*, 117 Mass. 27. *Dexter* v. *Codman*, 148 Mass. 421, 424. *Dunster* v. *Goward*, 221 Mass. 339. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176.

During the trial, the contestants framed a hypothetical question; and, on the assumption of the truth of the facts stated, asked a witness who qualified as an expert and specialist in mental and nervous diseases, first directing his attention to the thirtieth day of August, 1919, which was the day of the execution of the will and six weeks and one day before the death of the testator: "what is your opinion as to whether his mind at that time was in a normal condition?" As a "preliminary question" the trial judge permitted the question, and, subject to the exception of the executor the witness replied: "It was not in a normal

condition." The entire testimony of the expert fairly imports that he intended by the answer only to say that the mind of the testator was more susceptible to influence, was less able to function normally than would be the case had he not had cardiac-vascular-renal disease, which is commonly known as Bright's disease or nephritis.

Testamentary capacity does not depend upon whether the mind of the testator be above or below that of the ideal man, otherwise stated, upon the normality of his mind; but upon the ability of the testator to understand the nature and situation of his property and his relation to those persons who ought to be in his mind when he undertakes to dispose of his property at his death. *Whitney* v. *Twombly*, 136 Mass. 145. But it is well settled that a person may have sufficient capacity to make a will and yet not of sufficient capacity to resist the pressure upon him of strong influence; and whether the use of such influence is lawful or not may depend upon the condition of mind and body of the person upon whom it is exercised. *Dexter* v. *Codman, supra. Bacon* v. *Bacon*, 181 Mass. 18, 22. *Hayes* v. *Moulton*, 194 Mass. 157. It is plain the condition of the mind may be shown or inferred from the fact that the testator had a disease which commonly impaired the minds of persons possessed of it by the slowing up of functional power and increasing its susceptibility to influence. The characterization of such a mental state as not normal, can in the opinion of a majority of the court hardly be said to be so inaccurate and so prejudicial as to require a new trial.

The declarations of the executor and residuary legatee were received rightly. He was the principal beneficiary, and his admissions could not prejudice materially the rights of the remaining legatees, all of whom are contestants. The reason for the rule that one of several legatees or devisees, not in privity with other legatees or devisees, who has procured the will by improper means shall not be permitted through admissions to defeat the rights of other legatees or devisees under the will, ceases when the declarant is the sole beneficiary; or when the interest of the remaining legatees or devisees is merely nominal, and such legatees or devisees seek to prevent the setting up of the will by proof of the undue influence or fraud of the declarant. *Phelps*

v. *Hartwell,* 1 Mass. 71.  *Atkins* v. *Sanger,* 1 Pick. 192.  *Shailer*
v. *Bumstead,* 99 Mass. 112, 128.  *McConnell* v. *Wildes,* 153 Mass.
487.  *Bonnemort* v. *Gill,* 165 Mass. 493.  *Gorham* v. *Moor,* 197
Mass. 522.  *Old Colony Trust Co.* v. *Di Cola,* 233 Mass. 119.

It follows that all exceptions must be overruled.

*Exceptions overruled.*