## Estate of C. T. Boland.

Argued March 3, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop and Baldrige, JJ.

*J. E. Sickler,* and with him *P. E. Kilcullen,* for appellant.—If a widow has anything to gain she is permitted to contest the probate of her husband's will: Miller v. Miller, 5 Heiskell (Tennessee) 723; Murphy v. Murphy, 23 Ky. L. Rep. 1460; 65 S. W. 165.

*James J. Powell,* and with him *M. J. Murray, Jr.,* for appellee.—A widow is not bound by her husband's will. She is entitled, if she so likes, to her statutory

share in the estate notwithstanding the will, but she has no right to contest the will: McMaster's v. Blair, 29 Pa. 298; Kase's Estate, 10 Dist. Rep. 497.

OPINION BY TREXLER, P. J., July 10, 1930:

Christopher T. Boland died on the 18th day of February, 1928, leaving to survive him a widow, Bridget, and twelve children, two of whom are minors. On February 24, 1928, a paper purporting to be the last will of C. T. Boland was duly admitted to probate by the register of wills of Lackawanna County.

On the 11th of July, 1928, Bridget Boland in her proper person and also as guardian of the estates of the two minor children, appealed from the decision of the register of wills and presented her petition to the court asking that the first will be set aside and she be allowed to produce a later will, consisting of two separate writings, dated December 5, 1923 and July 9, 1927.

Patrick J. Boland, son and heir-at-law of the appellant, filed a demurrer which was sustained by the lower court for two reasons: (1) that the widow of the decedent, not being bound by her husband's will, is not entitled to contest it, but may elect to take her statutory share of the estate, citing McMasters v. Blair, 29 Pa. 298; McAvoy's Estate, 8 Phila. 595; Kase's Estate, 10 Dist. Rep. 497; (2) that she had no standing as guardian for the minors, for she had not been named as testamentary guardian in the will that had been probated and therefore had no legal authority to represent the children.

If the widow has standing to contest the will, she has taken the right method to do so. In Sebik's Estate, 300 Pa. 45, citing several precedents, the Supreme Court states, "where there has been a prior probate of a paper thereby accepted as the last will of the decedent, and an alleged testamentary writing bearing a later date is subsequently discovered, it is necessary, when the latter is not merely a codicil to the former,

for its proponent to appeal from the earlier probate. On such appeal the Orphans' Court will take evidence to enable it to determine the issues involved and, if the paper offered for probate is in fact and law the last will of decedent, the court will make an appropriate order so that it may be probated accordingly.''

The position taken by the lower court that she cannot contest the will because if she be dissatisfied with its provisions, she can take against it, would apply only if she were not benefited by setting aside the will. The rule which prevents the widow from contesting a will where she can get the same benefit by taking against it is merely an application of the general principle that in order to contest a will a person must be interested in the distribution of the estate of the decedent. ''The right of appeal belongs to a person in a legal sense aggrieved'': Wacker's License, 6 Pa. Superior Ct. 323. When the widow seeks to set aside the last will and testament of the decedent by reason of incapacity arising from any cause, she gains nothing by such act, as she can, as far as her interests are involved, set it aside by claiming against it. When, however, as in the present case, she fares better in an instrument which she asserts is the last will and testament of the decedent, than in the one which has been probated, she should not, under any principle of equity be relegated to the position that she is bound to the alternative of accepting what she is to receive under the first will, or take what she may get when she claims against it. It is a familiar principle that when the reason for the rule fails, the rule itself fails. There is abundant authority in other jurisdictions for the statement if the widow has anything to gain, she may contest the will. The reason for the rule fails when the effort is to show that the will which has been probated has been revoked by a subsequent will by which the

contestant receives a greater benefit than by the former.

If she is bettered by setting aside the will and the substitution of a later, it appears she has the right to appeal, thus in Murphy v. Murphy, 23 Ky. L. Rep. 1460, 65 S. W. 165, where the contest was as to which was the real will of the decedent, it was held that she, being benefited by establishing such will, had the right to appeal from its probate. To the same effect are Moysen v. Neilson, 9 Ohio S. & C. P., Dec. 623; Freeman v. Freeman, 61 West Va. 682; 57 S. E. 292.

In the Freeman case, the case of McMasters v. Blair, supra, is distinguished on the ground that in that case so far as the widow was concerned, it was immaterial whether she renounced the provisions of the will or successfully contested it and that if the renunciation in the Blair case "did not give the widow the same interest that she would have acquired by a successful contest, it was clearly manifest that the court misapprehended the case and decided upon a wrong theory." Other cases to the same effect are Dexter v. Codman, 148 Mass. 421, 19 N. E. 517; In re Benton, 131 Cal. 472, 63 Pac. 775; Senack's Succession, 2 Rob. (L. A.) 258. Numerous references are made to various cases in L. R. A. 1918A, note, page 462.

Where interest is established and benefit ensues by the setting aside of a will, anyone so interested may contest: Abrams v. Ross Est., (Tex.) 250 S. W. 1019; Allen v. Pugh, 89 So. 470, 206 Ala. 10; In re Schweitzer, 199 N. Y. S. 948; Cain v. Berger, 121 So. 17, 219 Ala. 10; Herbert v. National City Bank, 165 N. E. 80 (Ind.); Moore v. Star, 17 S. W. 1037 (Tex.); Petitt v. Morton, 162 N. E. 627 Ohio.

We all conclude that the widow in the case before us has the right to endeavor to have the later testamentary writing substituted for the will that has been probated. In the first will, she had but a life interest

in the real estate. In the last testamentary writing, the property which was formerly devised in trust is given to her absolutely. She is, therefore, interested in setting aside the first will. She gets more in the latter will than she would if she claimed her statutory share against the will.

As to her representing the minor children as guardian, we find nothing that gave her such authority and we think the court was right in holding that she had no standing in that respect. It would seem that the proper way to have had the children represented would have been to ask for the appointment of a guardian ad litem.

The order of the lower court, sustaining the appellant's demurrer insofar as it applies to Bridget Boland, the widow, is reversed and the costs of this appeal are to be paid by the estate.