## Maseloff Estate

Before Bolger, Acting P. J., Hunter, Lefever, Saylor, and Shoyer, JJ.

*John R. Carroll* and *Thomas D. McBride*, for petitioner.

*Thomas J. Reilly* and *Philip S. Polis*, for respondent.

SAYLOR, J., January 21, 1955.—On July 23, 1952, this court awarded a citation directed to Helen Maseloff to show cause why the appeal of David Maseloff from the decree of the register of wills dated June 20, 1952, revoking letters of administration theretofore granted him, should not be sustained and the decree set aside and vacated. Helen Maseloff is now petitioning this court for a citation directed to David Maseloff to show cause why the order of July 23, 1952, should not be voided and why the appeal from the register of wills should not be dismissed for appellant's failure to perfect the same within two years.

To Helen Maseloff's petition David Maseloff has filed an answer admitting fact allegations and denying that his appeal had not been perfected and other conclusions of law.

Petitioner relies on two contentions: (1) That appellant was not such a party in interest as could take an appeal, and (2) that the order of July 23, 1952,

was no longer effective as 30 months had elapsed since it was entered and no citation had ever been issued under it.

Decedent died intestate September 24, 1951, survived by his mother, Anna, two brothers and two sisters. On the renunciation of Anna letters of administration were issued by the register of wills to decedent's brother, David Maseloff, on September 26, 1951. Two days later Helen Maseloff filed her petition for revocation of the letters, claiming that she was decedent's widow.

After hearing duly held the register of wills found that Helen had been decedent's common-law wife. On June 20, 1952, he revoked the letters previously granted and awarded letters to the widow. On June 30, 1952, David Maseloff in his individual capacity filed his appeal from the register's decree and entered security thereunder. The record before the register was certified to this court which awarded a citation directed to Helen Maseloff as aforesaid. No citation was ever issued.

The order of the court awarding the citation is void. No time having been fixed specially by the court, the order was voided by the fact that no citation was issued under it within six months of its date: Section 705 of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.705.

That leaves for consideration the remaining contention of petitioner that the appeal was not valid because David Maseloff was not such a party in interest as had the right to take an appeal.

Section 208 of the Register of Wills Act June 28, 1951, P. L. 638, 20 PS §18040.208, entitled "Appeals (a) When Allowed", provides:

"Any party in interest who is aggrieved by a decree of the register . . . may appeal therefrom to the court within two years of the decree: Provided, that

the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to six months."

Presumably the legislature thought it necessary specifically to eliminate an executor as a party in interest as it might be assumed that testator having named him in a will he would have an interest thereunder. Such cannot be said for an administrator, and so the legislature may be considered as not having thought it necessary to take the pains to eliminate him.

Section 771 of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.771, gives the right of appeal to "any party in interest who is aggrieved by a final order or decree of the Orphans' Court, etc." The note to this section contained in the report of the Joint State Government Commission's Advisory Committee on Decedents' Estates Laws states that the language is suggested by the first portion of section 22(a) of the 1917 Act, and adds that:

"It is not intended that a fiduciary who is a mere stakeholder shall have the right to appeal, but it is intended that he shall have the right to appeal from an allowance of a claim against the estate."

David Maseloff as administrator would be a mere stakeholder and no more than that. He has no pecuniary interest as administrator for he would receive from the estate no compensation except for services rendered as a fiduciary.

As an individual he has no pecuniary interest for he is not the next of kin entitled to share in his deceased brother's estate. If Helen Maseloff is decedent's widow—and the register has found that she is—the estate under the Intestate Act of April 24, 1947, P. L. 80, 20 PS §§1, 2, 3, passes to her to the extent of her

interest and to decedent's mother, there being admittedly no issue of decedent.

The cases do not support respondent's contention that there is in David Maseloff a right to administer the estate which is separate and apart from the right to share in distribution, and that the absence of a property interest has no effect on respondent's standing to prosecute the appeal.

Respondent argues that as the appointment or revocation of the appointment of an administrator can never affect the property rights of heirs, they can never have a right of appeal. Hence the administrator, whose appointment was revoked, has such a right or otherwise, no one else being allowed to appeal, in every such instance the decision of the register would be final.

That such might be the result would not be detrimental to the heirs of an intestate. Section 305 of the Fiduciaries Act of 1949 lists in order the parties to whom the register shall grant letters of administration. It provides that the surviving spouse has the primary right where there is no will, in which case those entitled to the residuary estate would have priority. Then come in order those entitled under the intestate law as selected by the register, the principal creditors, and then other fit persons. A nominee of any of the foregoing may, in the discretion of the register, be appointed in his place upon his renunciation.

The fact that decedent's mother renounced in favor of her son David, and that the register appointed the son initially, in the exercise of his discretion, does not establish in David a right to administer the estate once it is found that a spouse survived decedent.

Although Knecht's Estate, 341 Pa. 292 (1941), involved the right of a spouse to letters of administration c. t. a. on his wife's estate under a will and a

codicil the language of the Supreme Court is apt to the instant case. The spouse's right to such letters was found to be not absolute although preferred, but contingent, and not such an interest in the estate as entitled him to contest the will. He would have fared equally well under whatever instrument was probated. Hence he was found to be not a "party entitled to appeal within the meaning of the provisions of the Register of Wills Act." Here David Maseloff will neither gain nor lose whoever is the administrator.

In Friese's Estate, 317 Pa. 86, 89 (1934), where the right of even a surviving spouse to administer an estate alone was in question, it was stated that "historically, the right of administration was placed on the ground of interest in the estate."

In Estate of C. T. Boland, 99 Pa. Superior Ct. 321, (1930), a widow having shown she could get more under a later will than under an earlier one, was found to be a "person interested" in setting aside a probate and a "party entitled to appeal" within the meaning of the provisions of the Register of Wills Act.

The Supreme Court in In re Beeder's Estate, 10 Pa. 261, 263 (1849), held that a stranger cannot appeal from a decree of the register granting letters of administration. The court reviewed the many provisions of the then applicable statute affecting registers which repeatedly used the words "persons interested" or "party aggrieved." Referring to the act, the court said:

"It is sedulous to afford convenient remedy to those whose rights and property may in any way be affected by the conduct, private or official, of others; but it offers no pretence for the intrusion of strangers, who have nothing at stake in their own right, or as

representatives. These can command no movement, nor authorize any action or appointment. Their attempt to do so must always be fruitless, where it is properly resisted by those whose position entitles them to be heard. In this, the statute but follows the example afforded by the practice of the English ecclesiastical courts. These allow none to caveat, or appeal, but those who can exhibit a pecuniary interest in the decedent's estate."

In Pennsylvania Commercial Drivers Conference et al. v. Pennsylvania Milk Control Commission et al., 360 Pa. 477 (1948), the Supreme Court stated that the restriction of the right of appeal to persons aggrieved was as old as paragraph 9 of the Act of May 22, 1722, 1 Sm. L. 131, 12 PS §1091, and quoted Lansdowne Borough Board of Adjustment's Appeal, 313 Pa. 523 (1934) as follows:

" 'A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a direct interest in the subject-matter of the particular litigation, otherwise he can have no standing to appeal.' "

We can reach no other conclusion but that David Maseloff is not such a party in interest in his brother's estate as could take an appeal from the action of the register. That his doing so was not challenged at the time by present petitioner does not prevent her from now doing so. We find that the appeal was not validly entered, and it is dismissed.

That being the case, it is not necessary to consider the effect on the appeal of appellant's failure to proceed with the issuance and service of the citation originally awarded by this court. Whether or not appellant's being guilty of laches has vitiated the taking of the appeal need not be decided. The failure to issue and serve a citation does not in our opinion

nullify the appeal or militate against its effect, provided appellant had a right to take it.

Actually the issuance and service of a citation was not necessary as the party against whom is was primarily directed was Helen Maseloff, the administratix, and she was well aware of the nature of the proceeding. Nothing new would have been accomplished by serving a citation on her. The fact that she is now in court with her petition to set aside and vacate the appeal is evidence that she had knowledge of its having been taken and of the remedy available to set it aside.

The argument by respondent that the register's decision as to the status of Helen Maseloff as a common-law wife and as such entitled to letters of administration was not res judicata upon the subject of distribution is not pertinent to the matter presently before the court. The determination of that issue must wait audit of the account.

Respondent's position that Helen Maseloff is disqualified as administratrix because she has filed an action in the court of common pleas to establish that title to certain properties is in her rather than in the estate will likewise not be considered by us in determining the sole issue before us. We are now considering the status of respondent's appeal, not that of petitioner as administratrix.

Because of the lack of a pecuniary interest in decedent's estate, we are of the opinion that David Maseloff has no right to appeal from the action of the register of wills in removing him as administrator and in appointing in his place Helen Maseloff, who was determined to be the common-law wife of decedent, and hence his widow.

The appeal of David Maseloff from the decree of the register of wills dated June 20, 1952, is dismissed, and the record is remanded to the register of wills.