TREMBATH, P. J.,
This matter is before the court on exceptions to the final account of Davis P. Hobbs, Executor of the Estate of Fred C. Hitchcock, and exceptions to the final account of Ruth Fisher, Administratrix, d.b.n.c.t.a. of the Estate of Fred C. Hitchcock.
Fred C. Hitchcock died on November 21, 1966, testate, leaving to survive two children, Samuel Fred Hitchcock, son, bom May 20, 1955, and Susan Hitchcock, daughter, born September 29, 1957.
*676 Decedent was at the time of his death divorced from Gloria Hitchcock, the mother of his children. Gloria Hitchcock had remarried before his death. Not only was decedent divorced but the estrangement between himself and his wife was complete as is evidenced by the paragraph of his will in which, after naming Alice Hitchcock to be the guardian of the persons of any of his children who were not 21 at the time of his death, he provided as follows:
“I make this designation in order to prevent any of my children from falling into the care or possession of my former wife, Gloria Sorenson Hitchcock Setser, because she is totally unfit, irresponsible and so lacking in the capacity to love as to permanently damage any child with whom she associates.”
Letters testamentary were issued on December 7, 1966. Decedent died as a result of an automobile accident which resulted in a wrongful death action. Davis R. Hobbs, counsel in that action and also the executor, saw possible conflict of interest and resigned as executor. The register of wills appointed Ruth Fisher, sister of decedent, as administratrix, d.b.n.c.t.a. November 8, 1967.
Davis R. Hobbs filed his first and final account as executor on February 23, 1968, and on that date certified that he had complied with section 6, Rule 3, of the Supreme Court-Orphans’ Court Rules, and accompanying said account was a petition for adjudication containing schedule of proposed distribution showing a proposed distribution of the entire balance in his hands to Ruth Fisher, administratrix d.b.n.c.t.a. of the Estate of Fred G. Hitchcock.
This account and schedule of proposed distribution were confirmed nisi April 1, 1968, by the court and were confirmed absolutely April 11, 1968.
Ruth Fisher, administratrix d.b.n.c.t.a. filed her *677 first and final account October 28,1968, and filed with it her petition for adjudication in which she proposed distribution to the Citizens National Bank and Trust Company of Tow anda, Pa., trustee under the will of Fred C. Hitchcock. Her account was endorsed with a certificate that Supreme Court-Orphans’ Court, Section 6, Rule 3, had been complied with.
The said account and schedule of proposed distribution were confirmed nisi by the court December 2,1968, and absolutely December 13,1968.
On January 2,1969, exceptions were filed to the first and final account of Davis R. Hobbs, executor, by Attorney Daniel H. Jenkins acting on behalf of Gloria L. Hitchcock, natural mother of Samuel and Susan Hitchcock minors, and exceptions were filed by the same person to the first and final account of Ruth Fisher, administratrix d.b.n.c.t.a. on January 3,1969.
On October 29, 1969, Davis R. Hobbs, as executor, and Ruth Fisher, administratrix d.b.n.c.t.a. filed preliminary objections to the exceptions filed to the said accounts and schedules of proposed distribution. Amended objections were filed on October 31,1969.
The objections assert that Gloria Hitchcock is not a party in interest either individually or as natural guardian of decedent’s children because this court appointed Alice Hitchcock guardian of the estates of the said children by order dated October 27, 1967 by proceedings to Orphans’ Court Docket 11, page 110.
In support of the exceptions, the exceptants argue that Gloria Hitchcock received no interest under decedent’s will, and her divorce from decedent ended her marital rights. The exceptants further assert that she has no standing as natural guardian of decedent’s children, because Alice Hitchcock is now, and since October 27, 1967, has been, the legally appointed guardian.
*678 The term “natural guardian” has its origin and sole background in section 1001 of the Fiduciaries Act 20 PS §320.1001. That act empowers a court to direct the payment of money to the minor, or to the parent or other person maintaining the minor without the appointment of a guardian, when the entire estate of the minor does not exceed $2,500. The court’s power under that section is limited not only by the $2,500 ceiling but to the single authority to direct the payment of money. Nothing in the act even hints the authority of a natural guardian to perform any act other than to receive a sum or sums less than $2,500.
It follows that nothing in the Fiduciaries Act entitled Gloria Hitchcock to notice of the filing of either the account of the executor or the account of the administratrix d.b.n.c.t.a.: Estate of C. T. Boland, 99 Pa. Superior Ct. 321, 326.
A document was filed in support of Gloria Hitchcock’s position entitled a “memorandum.” On its face it appears to be a mixture between a petition for the removal of “the persons as above” and a brief of the law and facts in support of an attack upon the accounts filed by the executor and administratrix d.b.n.c.t.a.
Since the only matters directly before the court are the exceptions to the account of the executor and of the administratrix d.b.n.c.t.a. we have nothing before us upon which we may base, even if we chose, the removal of any fiduciary.
And now February 10, 1970, preliminary objections axe sustained and exceptions filed by Gloria Hitchcock to the first and final account of Davis P. Hobbs, Executor of the Estate of Fred G. Hitchcock, and to the schedule of distribution accompanying said account axe dismissed, and exceptions filed by Gloria Hitchcock to the first and final account of Ruth Fisher, Administratrix d.b.n.c.t.a. of the Estate of Fred G. Hitchcock *679 and exceptions to the schedule of proposed distribution accompanying that account are likewise dismissed.